David **HENKE**, Individually and d/b/a Breslau Cattle Co., Appellant,

v.

**PEOPLES STATE BANK OF HALLETTSVILLE,** Texas, Appellee.

No. 13–99–274–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 10, 1999.

Rehearing Overruled Dec. 22, 1999.

---

Percy L. "Wayne" Isgitt, Atty. at Law, Houston, for Appellant.

D B Stone, Atty. at Law, Don D. Sunderland, Mullin, Hoard & Brown, Amarillo, David C. Junkin, Steven James Wingard, Scott, Douglas & McConnico, Austin, Marcus F. Schwartz, Schwartz & Schwartz, Attys. at Law, Hallettsville, Kaaran E. Thomas, Vinson & Elkins, Houston, for Appellee.

Before Justices HINOJOSA, YAÑEZ, and RODRIGUEZ.

## O P I N I O N

Opinion by Justice HINOJOSA.

This is an interlocutory appeal from the trial court's denial of a motion to dissolve a temporary injunction. In three issues, appellant, David Henke, contends the trial court erred in refusing to grant the motion to dissolve because:

(1) the portions of the underlying orders which comprise the temporary injunction are subject to being declared void and dissolved because they fail to meet the mandatory requirements of Texas Rule of Civil Procedure 683 [1] in that they: (a) do not specify a trial date, (b) do not set forth the reason for the issuance of the temporary injunction, (c) are not specific as to the terms of the temporary injunction, and (d) do not contain reasonable detail as to the act or acts sought to be restrained without reference to the complaint or other document;

(2) while the parties agreed to a temporary injunction, the injunctive provisions as embodied in the orders constitute a permanent injunction in the absence of an order setting the case for trial; and

(3) the basis for the temporary orders was to provide an orderly manner for the liquidation of collateral—because the collateral has been liquidated and the proceeds applied to the debt owed Peoples State Bank, the reasons for the issuance of the temporary injunction no longer exist.

We affirm the trial court's order.

The record reflects the trial court rendered: (1) a temporary restraining order, signed on August 8, 1997; (2) an agreed order, signed on August 22, 1997, granting a temporary injunction; (3) an agreed order, signed on September 5, 1997, modifying the temporary orders (the temporary restraining order of August 8 and the agreed temporary injunction of August 22); and (4) an agreed order, signed on

---

1. RULE 683. FORM AND SCOPE OF INJUNCTION OR RESTRAINING ORDER

 Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

 Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought. The appeal of a temporary injunction shall constitute no cause for delay of the trial.

 TEX.R. CIV. P. 683.

September 16, 1997, modifying the temporary restraining order (and all temporary injunction orders) and providing for the terms and conditions for the sale of cattle.

Henke could not appeal the temporary restraining order; however, he had twenty days within which to perfect an appeal from the remaining temporary orders. TEX.R.APP. P. 42; TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Vernon 1997). Henke did not appeal any of the temporary orders.

On April 22, 1999, Henke filed a motion to dissolve the temporary injunction and the subsequent modifying orders. The trial court denied the motion on April 27, 1999 stating, "Henke has not timely appealed or otherwise challenged the Orders and ... he has agreed to the Orders." Henke appeals from the trial court's order denying his motion to dissolve.

### A. APPELLATE JURISDICTION

Under Texas procedure, appeals are allowed only from final orders or judgments. *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992); *North East Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966). Unless a statute specifically authorizes an interlocutory appeal, Texas appellate courts have jurisdiction only over final judgments. *Cherokee Water Co. v. Ross,* 698 S.W.2d 363, 365 (Tex. 1985) (orig.proceeding); *Aldridge,* 400 S.W.2d at 895; *City of Mission v. Ramirez,* 865 S.W.2d 579, 581 (Tex.App.— Corpus Christi 1993, no writ). Section 51.014 of the Texas Civil Practice & Remedies Code specifically allows appeal of various interlocutory orders, including an order that "(4) grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction ... [.]" TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(4) (Vernon 1997). We conclude we have jurisdiction to consider this interlocutory appeal.

### B. MOTION TO DISSOLVE

The determination of whether to dissolve a temporary injunction lies within the sound discretion of the trial court. *Cellular Marketing, Inc. v. Houston Cellular Telephone Co.,* 784 S.W.2d 734, 735 (Tex.App.—Houston [14th Dist.] 1990, no writ). On appeal, our review is limited to the narrow question of whether the trial court abused its discretion by denying the motion to dissolve. *Walling v. Metcalfe,* 863 S.W.2d 56, 58 (Tex.1993). Accordingly, Henke has the burden to establish that the trial court abused its discretion. *Tober v. Turner of Texas,* 668 S.W.2d 831, 834 (Tex.App.—Austin 1984, no writ).

### C. RULE 683

Henke correctly argues that the orders to which he and Peoples State Bank agreed, and which the trial court signed, are technically subject to being declared void and dissolved because they fail to meet the requirements of Rule 683. However, because Henke failed to appeal the trial court's order granting the temporary injunction and the subsequent modifying orders, we hold Henke has waived his right to complain of any errors in those orders.

Further, the general rule is that a party may not appeal from or attack a judgment to which he has agreed, absent allegation and proof of fraud, collusion, or misrepresentation. *First American Title Ins. Co. v. Adams,* 829 S.W.2d 356, 364 (Tex.App.—Corpus Christi 1992, writ denied) (citing *Bexar County Criminal Dist. Attorney's Office v. Mayo,* 773 S.W.2d 642, 644 (Tex.App.—San Antonio 1989, no writ) and *Charalambous v. Jean Lafitte Corp.,* 652 S.W.2d 521, 525 (Tex.App.—El Paso 1983, writ ref'd n.r.e.)). We find no evidence in the record of fraud, collusion, or misrepresentation. Because he agreed to the orders, we hold Henke has waived any error and has waived his right to appeal.

## C. CHANGED CIRCUMSTANCES AND FUNDAMENTAL ERROR

 A trial court may modify a temporary injunction because of changed circumstances. *Smith v. O'Neill,* 813 S.W.2d 501, 502 (Tex.1991). The movant must prove that circumstances have changed. *City of Seagoville v. Smith,* 695 S.W.2d 288, 289 (Tex.App.—Dallas 1985, no writ). Changed circumstances are conditions that altered the status quo existing after the temporary injunction was granted or that made the temporary injunction unnecessary or improper. *Desai v. Reliance Mach. Works, Inc.,* 813 S.W.2d 640, 641 (Tex.App.—Houston [14th Dist.] 1991, no writ). The trial court has no duty, upon the filing of a motion to dissolve, to reconsider the grant of the injunction if the motion does not allege fundamental error or changed conditions. *Cellular Marketing,* 784 S.W.2d at 735. The trial court cannot be held to have abused its discretion by refusing to alter its prior decision if there is no new evidence. *Id.* The purpose of a motion to dissolve is to provide a means to show that changed circumstances or changes in the law require the modification or dissolution of the injunction; the purpose is not to give an unsuccessful party an opportunity to relitigate the propriety of the original grant. *Tober,* 668 S.W.2d at 836. The *Tober* Court stated:

> From a practical standpoint, if a litigant could, by motion to dissolve, force reconsideration of the original grant, without a showing of changed conditions, then there is an incentive for him to do so at least once, or more often, in hope that he will be able to wear down the resistance of the original trial judge, or in hope that he will be able to secure a hearing before a different trial judge who may be more sympathetic. Such actions needlessly add to the judicial caseload, both at the trial and appellate level. Recognition of the principle that the trial court has no duty to reconsider the validity of the original grant of temporary injunction upon motion to dissolve enables the trial court to dispose of motions to dissolve solely upon the pleadings when the motion to dissolve, on its face, shows that the litigant offers no new evidence.

*Id.* at 835.

 At the hearing on the motion to dissolve, Henke argued the orders he had agreed to were "void." He stated:

> Under the case law and under the Rules of Civil Procedure a temporary injunction must set forth a date for trial in order for it to be valid.... And also, if it does not contain a trial setting and if it does not contain findings as to the reason for it, it is void and may not be made valid by waiver.

 Initially, it appears the trial court's failure to comply with Rule 683 is fundamental error. The requirements of rule 683 are mandatory and must be strictly followed. *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.,* 715 S.W.2d 640, 641 (Tex.1986). If the error is fundamental, the trial court had a duty to reconsider the grant of the temporary injunction and the modifying orders. *See Cellular Marketing,* 784 S.W.2d at 735. However, because the orders were agreed, they are not subject to attack by Henke. *See Alexander v. Alexander,* 373 S.W.2d 800, 805 (Tex.Civ.App.—Corpus Christi 1963, no writ). Because Henke actively agreed to each order, we hold the deficiencies in the orders are not fundamental error.

 Henke contends the temporary injunction should have been dissolved because of changed conditions. Henke argues the agreed order of September 16, 1997, provided for the liquidation of collateral (sale of cattle) and the application of the proceeds to the indebtedness of his creditors. Henke contends the collateral has been liquidated and the proceeds have been applied to the debt he owed Peoples State Bank. Thus, he argues, the reason for the temporary injunction no longer exists.

After reviewing the record, we hold Henke did not prove a change in the circumstances made the basis of the temporary injunction. We note that Henke's motion to dissolve alleges only the violation of Rule 683 and not any changed conditions. The record reflects that Henke only argued changed conditions at the hearing on the motion to dissolve. Henke argued:

> [T]he whole point of the order is now moot. Peoples Bank was paid in December of 1997. They continue to pursue Mr. Henke and raise their attorneys' fees up to a quarter of a million dollars level when they were paid within three months of filing this lawsuit. The purpose for the injunction doesn't exist anymore. All the money that is going to be collected has been collected months and months ago.

Henke's argument is no evidence that circumstances had changed. The agreed order modifying temporary orders, signed on September 5, 1997, states that Henke was indebted to Peoples State Bank, First State Bank, Prairie Livestock, Friona Agricultural Credit Corporation, and several other entities. Henke made no effort to prove that all these entities had been paid in full.

In addition, the order states:

> In the event disbursements to PSB [Peoples State Bank] for application to the Henke's debt result in payment in *full* of Henke's debt to PSB, then, all additional proceeds that are distributed to PSB under the provisions of this order are to be maintained by PSB in an interest-bearing escrow account and disbursed only upon further order of this Court.

Thus, even if Peoples State Bank was paid in full as alleged by Henke, the temporary injunction and the modifying orders are still necessary to ensure the proper disbursement of any remaining proceeds.

We hold the trial court did not abuse its discretion by denying Henke's motion to dissolve. We overrule Henke's three issues.

The trial court's order denying Henke's motion to dissolve is AFFIRMED.