**In re Andrea GARZA, Individually and as Independent Executrix of the Estate of Alfred S. Garza, deceased.**

No. 04–03–00478–CV.

Court of Appeals of Texas, San Antonio.

Nov. 12, 2003.

W. Wendall Hall, Rosemarie Kanusky, Fulbright & Jaworski L.L.P., Terrence J. Martin, Martin, Friedland & Strolle, P.C., San Antonio, for Relator.

Ellen B. Mitchell, Cox & Smith Incorporated, Douglas W. Sanders, Jeffrey T. Cullinane, Paul D. Barkhurst, Oppenheimer, Blend, Harrison & Tate, Inc., San Antonio, for Real Party in Interest.

Sitting: CATHERINE STONE, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by KAREN ANGELINI, Justice.

Relator Andrea Garza seeks a writ of mandamus ordering respondent, the Honorable Donna S. Rayes, to vacate the May 28, 2003 contempt judgment. Because we conclude that Garza is entitled to the relief sought, we conditionally grant the writ.

### BACKGROUND

This mandamus proceeding arises out of a dispute over a family business. In October 1995, Real Party in Interest Jaime Trevino and his cousin, Alfred G. Garza, entered into a partnership agreement to operate a business called Lobo Security. According to Trevino, however, his uncle, Alfred S. Garza, was his true partner. For personal financial reasons, Alfred S. Garza had requested that the partnership agreement name his son, Alfred G. Garza, as Trevino's partner. During their partnership, Trevino claims that Alfred S. Garza diverted partnership funds for his own benefit and the benefit of his immediate family members. On March 1, 2001, Alfred S. Garza died.

On July 27, 2001, Trevino sued Alfred S. Garza's estate for fraud, breach of fiduciary duty, and breach of contract. Trevino also sued his aunt, Relator Andrea Garza, Alfred G. Garza, his partner under the partnership agreement, and two of his other cousins for fraud, conversion, civil conspiracy, and aiding and abetting Alfred S. Garza's breach of fiduciary duty. Additionally, Trevino sought a declaratory judgment regarding the characterization of the partnership's property. In response, Alfred G. Garza filed a counterclaim for breach of contract, breach of fiduciary duty, breach of the duty of good faith and fair dealing, and conversion. Alfred G. Garza also sought declaratory relief.

On August 8, 2001, the trial court entered a temporary injunction, preventing the defendants ("the Garzas") from depleting their assets during litigation. The Garzas were enjoined from "[d]estroying, removing, concealing, encumbering, transferring, or otherwise harming or reducing the value of the property of one or both of the parties." And, they were enjoined from "[s]elling, transferring, assigning, mortgaging, encumbering, or in any other manner alienating any of the property of [Trevino] or [the Garzas], whether personalty or realty, and whether separate or community, except as specifically authorized" by the trial court. The temporary injunction did permit the Garzas to incur indebtedness to pay legal expenses. It did

not, however, contain a trial setting date or provide for a bond.

A year later, the Garzas moved to dissolve the temporary injunction. Trevino then filed his first motion for contempt, which was denied by the trial court. On April 17, 2003, Trevino filed his second motion for contempt, arguing that Andrea Garza had violated the temporary injunction by borrowing $112,000 against her homestead to pay for her legal fees and costs. According to Trevino, the temporary injunction's prohibition against encumbrances trumped the provision allowing Garza to fund her defense. After holding an evidentiary hearing, the trial court signed a "Judgment of Contempt" on May 28, 2003, ordering Garza, on or before July 1, 2003, to effectuate a release of lien and pay Trevino's attorney $3,500 and costs of the proceeding. On June 26, 2003, Garza filed this mandamus proceeding, seeking relief from the trial court's contempt judgment.[2]

## MANDAMUS

Mandamus issues only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no other adequate remedy at law. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding); *In re Dilley Indep. Sch. Dist.,* 23 S.W.3d 189, 191 (Tex.App.-San Antonio 2000, orig. proceeding). Contempt orders that do not involve confinement cannot be reviewed by writ of habeas corpus, and the only possible relief is a writ of mandamus. *In re Long,* 984 S.W.2d 623, 625 (Tex.1999) (orig.proceeding); *Rosser v. Squier,* 902 S.W.2d 962, 962 (Tex.1995) (orig.proceeding).

## WAIVER?

According to Garza, because the temporary injunction failed to (1) set a trial setting pursuant to Texas Rule of Civil Procedure 683 and (2) set bond pursuant to Texas Rule of Civil Procedure 684, the temporary injunction is void. Thus, she argues that the trial court abused its discretion in holding her in contempt for violating a void order. *See Ex parte Shaffer,* 649 S.W.2d 300, 301–02 (Tex.1983) (holding that trial court abuses its discretion by holding party in contempt for violating void order). In response, Trevino argues that Garza has waived her complaint by agreeing to the terms of the temporary injunction.

The temporary injunction states that "[t]he parties have agreed to the terms of this order as evidenced by the signatures below." Although counsel for the Garzas signed the temporary injunction, his signature was prefaced by the phrase, "Approved as to Form Only." However, in "Defendants' Motion to Dissolve or Modify Temporary Restraining Order," counsel for the Garzas admits that at the time the temporary injunction was entered, the Garzas had agreed to its terms. The record, therefore, shows that the Garzas did, in fact, agree to the terms of the temporary injunction.

According to Trevino, because the Garzas agreed to the terms of the temporary injunction, they are barred from complaining of any error now. Trevino emphasizes that generally, a party may not appeal from or attack a judgment to which he has agreed, absent allegation and proof of fraud, collusion, or misrepresentation. *Henke v. Peoples State Bank,* 6 S.W.3d 717, 720 (Tex.App.-Corpus Christi 1999, pet. dism'd w.o.j.). "The rationale for this rule is that a party should not be allowed, but rather be estopped, to complain on

---

**2.** Garza also filed a motion to stay the contempt judgment. We granted the motion and stayed the contempt judgment pending final disposition of this petition.

appeal of an action or ruling which he invited, agreed to, or induced." *Ayala v. Minniti,* 714 S.W.2d 452, 456 (Tex.App.-Houston 1986, no writ). By consenting to the action of the court, a party waives all errors committed or contained in the judgment, except want of jurisdiction. *Id.*

Specifically, Trevino relies on *Henke v. Peoples State Bank,* 6 S.W.3d 717 (Tex. App.-Corpus Christi 1999, pet. dism'd w.o.j.), a case with similar facts to those presented here. In *Henke,* the appellant filed an interlocutory appeal of the trial court's denial of his motion to dissolve a temporary injunction, arguing that the temporary injunction was void because it did not set a trial date. *Id.* at 719. As here, the appellant had agreed to the temporary injunction at the time it was entered. Relying on the general rule that a party may not appeal or attack an agreed judgment, the Thirteenth Court of Appeals held that by agreeing to the temporary injunction, the appellant had waived any error and had waived his right to appeal. *Id.* at 720.

The Thirteenth Court of Appeals, however, failed to discuss if a party could agree to a void order. Garza argues that she has not waived her rights, because the temporary injunction is void. We agree that if the temporary injunction is void, Garza has not waived her rights to attack the void injunction. A void order has no force or effect and confers no rights; it is a mere nullity. *Slaughter v. Qualls,* 139 Tex. 340, 345, 162 S.W.2d 671, 674 (1942). Thus, a party who agrees to a void order

has agreed to nothing. And, a trial court that holds a party in contempt for violating a void order necessarily abuses its discretion. *Ex parte Shaffer,* 649 S.W.2d at 301–02. In response, Trevino contends that the temporary injunction is voidable, not void. We must, therefore, determine whether the temporary injunction is void or voidable.

## VOID OR VOIDABLE?

Texas Rule of Civil Procedure 683 provides that "[e]very order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought." TEX.R. CIV. P. 683. The Texas Supreme Court has stated that the requirements of rule 683 are mandatory, and "an order granting a temporary injunction that does not meet them is subject to being declared void and dissolved." *Qwest Comm. Corp. v. AT & T Corp.,* 24 S.W.3d 334, 337 (Tex.2000) (per curiam); *see also InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.,* 715 S.W.2d 640, 641 (Tex.1986) (per curiam). Thus, we have held that failure to meet the requirements of rule 683 renders the injunction order "fatally defective and void, whether specifically raised by point of error or not."[3] *EOG Res., Inc. v. Gutierrez,* 75 S.W.3d 50, 53 (Tex.App.-San Antonio 2002, no pet.) (quoting *Hopper v. Safeguard Bus. Sys., Inc.,* 787 S.W.2d 624, 626 (Tex.App.-San Antonio 1990, no writ)); *accord Kaufmann v. Morales,* 93 S.W.3d 650, 656–57 (Tex. App.-Houston [14th Dist.] 2002, no pet.);

---

3. The purpose of a temporary injunction is to preserve the status quo of the subject matter of the suit, pending a final trial on the merits of the case. *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex.2002). There are at least two reasons for requiring a temporary injunction to include a trial date. One is to prevent the temporary injunction from effectively becoming permanent without a trial.

*EOG Res.,* 75 S.W.3d at 53; *see also Kaufmann,* 93 S.W.3d at 657. The second is for the order to be complete on its face and not "reference to the complaint or other document." *Kaufmann,* 93 S.W.3d at 657 (quoting rule 683). "It is important for trial judges or parties to read the original order and have before them all information relevant to the injunction." *Id.*

*Permian Chem. Co. v. State,* 746 S.W.2d 873, 874 (Tex.App.-El Paso 1988, writ dism'd); *TY Equity Group, Inc. v. Cmty. Crossing, Ltd.,* No. 05–02–00591–CV, 2002 WL 31357002, at \*1 (Tex.App.-Dallas Oct.21, 2002, no pet.) (not designated for publication).

Despite all the above-cited case law, Trevino argues that the temporary injunction is voidable because a judgment that is contrary to statute, constitutional provision, or procedural rule is merely voidable. Unlike a void judgment that is subject to collateral attack, a voidable judgment has effect until challenged. Thus, a voidable judgment may become valid by failure to timely challenge it by direct appeal. Because Garza did not challenge the temporary injunction by interlocutory appeal, Trevino contends that the temporary injunction has now become valid.

In support of his argument that the temporary injunction is merely voidable, Trevino cites *Reiss v. Reiss,* 118 S.W.3d 439 (Tex., 2003). In *Reiss,* the supreme court interpreted a 1980 divorce decree that divided retirement benefits stemming from one spouse's employment both during and after the marriage. *Id.* at 440. The trial court held that the language in the divorce decree included retirement benefits accrued after the marriage. *Id.* The former husband appealed, arguing that the divorce decree is a void judgment because the trial court that entered it did not have jurisdiction to divest him of his separate property, i.e. retirement benefits accrued after the divorce. *Id.* at 442. Thus, the former husband contended that as a void judgment, the divorce decree was subject to attack at any time. *Id.* The supreme court disagreed. *Id.*

The supreme court noted that in general, "as long as the court entering a judgment has jurisdiction of the parties and the subject matter and does not act outside its capacity as a court, the judgment is not void." *Id.* Thus, according to the supreme court, other than lack of jurisdiction, errors "such as a court's action contrary to a statute or statutory equivalent, merely render the judgment voidable so that it may be corrected through the ordinary appellate process or other proper proceedings." *Id.* (internal quotations omitted). Thus, Trevino argues that because Texas Rule of Civil Procedure 683 was violated in this case, the temporary injunction is voidable, not void, according to *Reiss.*

For support, *Reiss* cites *Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71 (Tex.2000) and *Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex.1990) (per curiam). *Dubai* and *Mapco,* however, were decided before *Qwest Communications Corp. v. AT & T Corp.,* 24 S.W.3d 334 (Tex.2000) (per curiam). In *Qwest,* the supreme court reiterated the following:

> The Texas Rules of Civil Procedure require that an order granting a temporary injunction set the cause for trial on the merits and fix the amount of security to be given by the applicant. *See* Tex.R. Civ. P. 683, 684. These procedural requirements are mandatory, and an order granting a temporary injunction that does not meet them is subject to being declared void and dissolved. *See InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.,* 715 S.W.2d 640, 641 (Tex. 1986) (stating that requirements of rule 683 are mandatory and must be strictly followed). In *InterFirst Bank,* however, the order failed to set the case for trial on the merits. *Id.* at 641. *Yet rather than dismissing the appeal for want of jurisdiction, we declared the temporary injunction void and ordered it dissolved. See id. We have also held that a temporary injunction was void when there was no bond. See Lancaster v. Lancaster,* 155 Tex. 528, 291 S.W.2d 303,

308 (1956) (holding that bond provisions of rule 684 are mandatory). Here, these procedural requirements may render the trial court's order void but they do not change the order's character and function defining its classification.

*Qwest,* 24 S.W.3d at 337 (emphasis added). *Qwest,* thus, clearly states that unless a temporary injunction complies with both rules 683 and 684, it is void. *Qwest* was decided after *Dubai,* the case relied on by the supreme court in *Reiss.* Thus, we must assume that if the supreme court believed the principles it stated in *Dubai* applied to temporary injunctions, it would have so stated in *Qwest.* Moreover, *Reiss* does not discuss temporary injunctions in any manner. We, therefore, must follow *Qwest's* holding.

 Additionally, Trevino argues that the supreme court cases discussing temporary injunctions state that a temporary injunction failing to comply with rules 683 and 684 is "subject to being declared void and dissolved." *InterFirst Bank,* 715 S.W.2d at 641. According to Trevino, "subject to being declared void" means that the order is voidable, not void. However, the *Qwest* court made clear that a temporary injunction failing to comply with rules 683 and 684 is void. *See Qwest,* 24 S.W.3d at 337 ("[W]e declared the temporary injunction void and ordered it dissolved. We have also held that a temporary injunction was void when there was no bond."). If the supreme court had meant that such a temporary injunction was voidable, we feel certain it would have used the word "voidable." Instead, the court has repeatedly used the word "void." *See Qwest,* 24 S.W.3d at 337; *InterFirst Bank,* 715 S.W.2d at 641. We, therefore, hold that because the temporary injunction here failed to comply with rules 683 and 684, it is void.[4]

### CONTEMPT JUDGMENT

 A trial court that holds a party in contempt for violating a void order necessarily abuses its discretion. *Ex parte Shaffer,* 649 S.W.2d 300, 301–02 (Tex.1983). Here, the trial court held Garza in contempt for violating a void order. As such, the trial court abused its discretion, and Garza is entitled to the relief sought.

### CONCLUSION

Because the trial court abused its discretion, we conditionally grant Garza's petition for writ of mandamus. TEX.R.APP. P. 52.8(c). Only if the Honorable Donna S. Rayes fails to vacate the "Judgment of Contempt" signed on May 28, 2003, will we issue the writ.

---

4. Because we have determined that the temporary injunction is void, we need not reach the relator's other issues.