

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00782-CV

**IN RE** Comfort **ROBERTS**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Karen Angelini, Justice
             Marialyn Barnard, Justice
             Patricia O. Alvarez, Justice

Delivered and Filed:  November 27, 2013

PETITION FOR WRIT OF MANDAMUS DENIED

On November 4, 2013, relator Comfort Roberts filed a petition for writ of mandamus complaining of the trial court's judgment finding Roberts in contempt for violating a judge's order and ordering him to pay a sanction in the amount of $8000.00.

Mandamus will issue only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex.1992) (orig. proceeding); *In re Garza*, 126 S.W.3d 268, 270 (Tex. App.—San Antonio 2003, orig. proceeding). A trial court abuses its discretion when it holds a party in contempt for violating a void order. *Ex parte Shaffer*, 649 S.W.2d 300, 301-02 (Tex. 1983); *Garza*, 126 S.W.3d at 270. An order is void only when it is apparent that the court rendering the order had

---

[1] This proceeding arises out of Cause No. 2013CI12260, styled *Lloyd Douglas Enterprises, LLC d/b/a River City Care Center and Steve Robinson v. Comfort Roberts, Joe Fuentes, Cynthia Huggins and Ida Jackson*, pending in the 166th Judicial District Court, Bexar County, Texas, the Honorable Laura Salinas presiding.

no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court. *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990). Appellate courts do not have jurisdiction to review contempt proceedings on direct appeal. *In re Rich*, 993 S.W.2d 272, 274 (Tex. App.—San Antonio 1999, no pet.). Contempt orders may be reviewed by an application for writ of habeas corpus, if the contemnor has been confined, or by a petition for writ of mandamus, if the contemnor has not been confined. *See Rosser v. Squier*, 902 S.W.2d 962, 962 (Tex. 1995); *Garza*, 126 S.W.3d at 270. Thus, mandamus is the appropriate vehicle to review the contempt judgment in this instance.

However, it is Roberts's burden as relator in this original proceeding to provide this court with an adequate record establishing his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a); *Walker*, 827 S.W.2d at 837. Roberts has failed to meet this burden and has not provided this court with a record sufficient to determine whether the trial court committed a clear abuse of discretion in this instance. Accordingly, the petition for writ of mandamus is denied. TEX. R. APP. P. 52.8(a).

PER CURIAM