

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00005-CV

**IPSECURE, INC.**,
Appellant,

v.

James E. **CARRALES**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-02257
Honorable Antonia Arteaga, Judge Presiding

Opinion by:  Karen Angelini, Justice

Sitting:  Karen Angelini, Justice
Patricia O. Alvarez, Justice
Jason Pulliam, Justice

Delivered and Filed:  June 15, 2016

TEMPORARY INJUNCTION ORDER DISSOLVED; ENFORCEMENT ORDER VACATED

This is an appeal from the trial court's denial of a motion to dissolve a temporary injunction. In a single issue, IPSecure, Inc. (IPS) argues the trial court abused its discretion in refusing to dissolve a temporary injunction because it fails to comply with the mandatory requirements of Rule 683 of the Texas Rules of Civil Procedure. We sustain the issue, reverse the trial court's order denying the motion to dissolve the temporary injunction order, and dissolve the temporary injunction.

**BACKGROUND**

This case involves a dispute over the ownership of IPS. IPS and its only shareholder, Jesse Rodriguez, were sued by James Carrales, who claimed an ownership interest in IPS. Early in the litigation, the parties entered into a series of agreed orders for temporary injunctive relief. These orders required IPS to pay Carrales, who had worked as IPS's chief technical officer, his monthly salary. Eventually, however, IPS was not willing to pay a salary to Carrales, who was no longer working for IPS.

The parties sought temporary injunctive relief in their pleadings. On July 1, 2015, the trial court held a hearing on these pleadings. The parties reached an agreement on some issues; however, several issues—including the matter of Carrales's continued compensation—were contested. At the conclusion of the hearing, the trial court ruled that IPS would be required to continue paying Carrales his monthly salary, his monthly car payment, and his dental and vision insurance. The trial court signed a temporary injunction order reducing its ruling to writing on September 22, 2015. This order required IPS to continue to pay Carrales his monthly salary, his monthly car payment, and his dental and vision insurance until January 19, 2016—the date the case was set for trial. The temporary injunction order did not specify how or why Carrales would suffer irreparable injury.

When the trial was postponed to April 4, 2016, Carrales moved to extend the temporary injunction order to require IPS to continue making salary, car, and insurance payments to him until the new trial date.[1] IPS opposed the extension and asked the trial court to dissolve the temporary injunction order because it failed to comply with the requirements of Rule 683. On December 16, 2015, the trial court granted Carrales's motion to extend its temporary injunction order, modified

---

[1]The record shows that trial is now set for October 3, 2016.

this order to require IPS to continue making payments to Carrales "pending trial on the merits," and denied IPS's request to dissolve the temporary injunction. IPS appealed.[2]

## APPELLATE JURISDICTION

Carrales first argues this court lacks jurisdiction over this appeal because IPS's notice of appeal was untimely. This argument is premised on the idea that IPS is appealing the temporary injunction order signed on September 22, 2015, rather than the order denying the motion to dissolve signed on December 16, 2015. IPS filed its notice of appeal on January 5, 2016. Carrales contends that because IPS did not file its notice of appeal within twenty days of the date the temporary injunction order was signed, we have no jurisdiction over this appeal. *See* TEX. R. APP. P. 26.1(b) (providing that an interlocutory appeal must be perfected within 20 days of the date the order is signed).

Under the Texas Civil Practice and Remedies Code, we have jurisdiction over appeals from orders granting or overruling a motion to dissolve a temporary injunction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West Supp. 2015). Contrary to Carrales's position, IPS is appealing the trial court's December 16, 2015 order denying its motion to dissolve the temporary injunction. Because IPS filed its notice of appeal within twenty days of the date of the order denying the motion to dissolve, we have jurisdiction over this appeal. *See* TEX. R. APP. P. 26.1(b).

## MOTION TO DISSOLVE

Our review in this appeal is limited to the narrow question of whether the trial court's action in denying the motion to dissolve the temporary injunction amounted to a clear abuse of discretion. *Conlin v. Haun*, 419 S.W.3d 682, 686 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *Lance v. Robinson*, No. 04-12-00754-CV, 2013 WL 820590, at *2 (Tex. App.—San Antonio 2013, no pet.).

---

[2]Jesse Rodriguez did not appeal.

A trial court abuses it discretion when it acts in an unreasonable and arbitrary manner or when it acts without reference to any guiding principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

The purpose of a motion to dissolve a temporary injunction is not to give an unsuccessful party an opportunity to relitigate the propriety of the original injunction order. *Lance*, 2013 WL 820590, at *3. Instead, a motion to dissolve is a way to show changed circumstances, changes in the law, or fundamental error in the issuance of the injunction. *See id.*; *Chase Manhattan Bank v. Bowles*, 52 S.W.3d 871, 878-79 (Tex. App.—Waco 2001, no pet.). A trial court has a duty to dissolve a temporary injunction when fundamental error has occurred. *See Lance*, 2013 WL 820590, at *3.

Texas Rule of Civil Procedure 683 requires an order granting a temporary injunction to state the reasons for its issuance. *See* TEX. R. CIV. P. 683 ("Every order granting an injunction [] shall set forth the reasons for its issuance; [and] shall be specific in terms . . . ."). An order granting a temporary injunction must set forth the reasons why the court deems it proper to issue the writ in the interim; in other words, the order must explain the reasons why the court believes the applicant's probable right will be endangered if the writ does not issue. *Tuma v. Kerr Co.*, 336 S.W.3d 277, 279 (Tex. App.—San Antonio 2010, no pet.) (citing *Transp. Co. v. Robertson Transps., Inc.*, 261 S.W.2d 549, 553 (Tex. 1953)); *see also In the Estate of Benson*, No. 04-15-00087-CV, 2015 WL 5258702, at *4 (Tex. App.—San Antonio 2015, pet. dism'd). And, when setting forth the reasons for granting a temporary injunction, the trial court must set forth specific reasons, not merely make conclusory statements. *Tuma*, 336 S.W.3d at 279-80; *Benson*, 2015 WL 5258702, at *4. The procedural requirements of Rule 683 are mandatory, and an order granting a temporary injunction that does not meet them is subject to being declared void and dissolved. *Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000). We have held that an

agreed temporary injunction order that does not comply with Rule 683 is fatally defective and void. *In re Garza*, 126 S.W.3d 268, 271-73 (Tex. App.—San Antonio 2003, orig. proceeding [mand. denied]).

Here, IPS argues the trial court should have dissolved the temporary injunction order because it identifies no reasons why Carrales will suffer irreparable harm or why he has no adequate legal remedy in the absence of injunctive relief. We agree that the temporary injunction order in this case fails to set forth the reasons for its issuance and therefore fails to meet the mandatory requirements of Rule 683. Under our precedent, this omission renders the temporary injunction fatally defective and void. *See Benson*, 2015 WL 5258702, at *5 (holding a temporary injunction was void when it failed to identify what harm would occur or how applicant would suffer in the absence of a temporary injunction); *Tuma*, 336 S.W.3d at 280 (holding a temporary injunction was void when it set forth no reasons why an injury would result in the absence of a temporary injunction); *Garza*, 126 S.W.3d at 273 (holding temporary injunction was void when it failed to include a trial setting and set a bond as required by Rules 683 and 684 of the Texas Rules of Civil Procedure). Because the temporary injunction in this case was fatally defective and void, the trial court had a duty to grant the motion to dissolve. *See Lance*, 2013 WL 820590, at *3.

In his brief, Carrales does not argue that the temporary injunction satisfies Rule 683. In fact, Carrales concedes that the requirements of Rule 683 are mandatory and must be strictly followed when the trial court enters a contested temporary injunction. However, Carrales asserts the requirements of Rule 683 are not mandatory in this case because IPS agreed to entry of the temporary injunction or waived Rule 683's mandatory requirements by its conduct.

We reject Carrales's arguments for several reasons. First, the record in this case does not support Carrales's contention that IPS agreed to the entire temporary injunction. Instead, the record shows that key provisions of the injunction, in particular those concerning payments to Carrales,

were the result of a contested hearing. Second, in *Garza*, we applied precedent from the Texas Supreme Court, this court, and other Texas appellate courts to conclude that a temporary injunction order that failed to meet the requirements of Rule 683 was void, not voidable. 126 S.W.3d at 271-73. We further concluded that, because a void order has no force or effect and is a mere nullity, a party who agrees to a void order has agreed to nothing. *Id*. at 271. Applying the same logic to the present case, we conclude that IPS could not waive Rule 683's mandatory requirements by agreement or by its conduct.

We hold the trial court abused its discretion in refusing to grant IPS's motion to dissolve. We, therefore, reverse the trial court's order denying IPS's motion to dissolve the temporary injunction, grant the motion to dissolve, and order the temporary injunction order signed by the trial court on September 22, 2015 dissolved.

## MOTION TO REVIEW FURTHER ORDERS

After this appeal was briefed, Carrales filed in the trial court a motion to enforce the temporary injunction order.[3] On May 2, 2016, the trial court held a hearing on this motion and found that IPS failed to pay Carrales his monthly salary, car payment, and insurance on April 15 and May 1, 2016 in violation of the temporary injunction order. In its ruling, the trial court ordered IPS to make a payment of $22,682.22 to Carrales by noon on May 3, 2016, and awarded Carrales attorney's fees in the amount of $2,345.00. The trial court signed an order reflecting its ruling on May 4, 2016.

Before the trial court signed an order, IPS filed a motion in this court seeking a temporary stay of the trial court's ruling. IPS argued that the trial court lacked jurisdiction to enforce the temporary injunction order under Rule 29.4 of the Texas Rules of Appellate Procedure. *See* TEX.

---

[3]The motion was titled, "Motion for Contempt and Petition for Civil Penalties for Violation of Temporary Injunction."

R. APP. P. 29.4 (providing that while an appeal from an interlocutory order is pending, only the appellate court in which the appeal is pending may enforce the order). We granted IPS's motion, temporarily stayed the enforcement order, and stated that we would review the enforcement order as part of this appeal.[4]

Rule 29.5 of the Texas Rules of Appellate Procedure prohibits the trial court from making an order that interferes with or impairs the jurisdiction of the appellate court, or the effectiveness of any relief that may be granted on appeal. TEX. R. APP. P. 29.5. Rule 29.6(a)(2) permits this court to review trial court orders that are made in violation of Rule 29.5. TEX. R. APP. P. 29.6(a)(2).

Here, the trial court's enforcement order was based on a temporary injunction order that we have dissolved because it is void. Because the trial court's enforcement order interferes with or impairs the effectiveness of the relief we are granting on appeal, we vacate the enforcement order in its entirety.

## CONCLUSION

In sum, the trial court's order denying IPS's motion to dissolve temporary injunction is reversed, the motion to dissolve is granted, and the September 22, 2015 temporary injunction order is dissolved. The May 4, 2016 enforcement order is vacated.

Karen Angelini, Justice

---

[4]In our order, we referred to the trial court's May 2, 2016 ruling as a contempt order. However, the order signed on May 4, 2016 shows that IPS was not held in contempt. Therefore, the trial court's order is properly characterized as an enforcement order.