In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00485-CV
_____


IN RE CHRISTOPHER P. LIMA

_____

Original Proceeding
258th District Court of Polk County, Texas
Trial Cause No. CIV30380
_____

MEMORANDUM OPINION

Christopher P. Lima petitioned for a writ of habeas corpus and alternative mandamus relief. He contends he cannot be held in contempt for violating an agreed temporary injunction order because fatal defects in the order make it unenforceable. We conclude that neither habeas nor mandamus is required because Lima is not in custody and no contempt judgment and order of commitment has been reduced to writing. Accordingly, we deny relief.

## Background

Amanda Rushing Price filed a suit for a permanent injunction against Christopher P. Lima. In addition to seeking a permanent injunction, Price requested that during the pendency of the suit Lima be enjoined from communicating with, harassing, or coming within 500 feet of Price and her family. On January 6, 2017, the trial court signed an agreed temporary injunction that mutually restrained the parties from communicating, harassing, making derogatory comments, or coming within 500 feet of the other party and their family. The temporary injunction order neither set nor expressly waived a bond, and no trial date was set in the order. No accelerated appeal was taken from the temporary injunction order.

On September 26, 2017, Price filed a motion to hold Lima in contempt for two violations of the temporary injunction. Price alleged that on July 28, 2017, Lima harassed Price "in person and received a citation from Polk County Sheriff's Office, Citation No. 031236, for 'Disorderly Conduct - Abusive Language' and entered a plea of no contest to the same on August 18, 2017." Price alleged, "[t]his interaction on behalf of Mr. Lima was with no legitimate purpose and was meant only to harass." Price also alleged that on August 20, 2017, Lima "posted false and misleading information in a Facebook 'Rant' that pertained to [Price] and was intended to hold [Price in] a false light." Price alleged, "[t]his post was placed with no legitimate

purpose and was meant only to harass and/or annoy [Price]." On September 28, 2017, the trial court issued an order for Lima to appear before the trial court and respond to the motion for enforcement on October 24, 2017, at 1:30 pm. On October 26, 2017, the trial court signed an order requiring that Lima appear and respond to the motion for enforcement on December 11, 2017, at 9:00 am.

The trial court held the contempt hearing on December 11, 2017. Lima's counsel attended the hearing, but Lima failed to appear personally. Price testified that on July 24, 2017, Lima drove past her house and shouted obscenities. Additionally, Price testified that Lima's Facebook postings included statements calling her a squatter and accusing her of having an affair with her realtor. At the conclusion of the hearing, the trial court found that Lima violated the temporary injunction and orally pronounced punishment at a fine of $500 for each violation and one weekend in jail, commencing on December 22, 2017, at 6:00 pm until December 24, 2017, at 6:00 pm. Also, the trial court found that Lima "should pay the legal fees and expenses in regard to this matter[.]"

On December 19, 2017, Lima filed a petition for a writ of habeas corpus. The appendix filed with the petition lacked a written judgment of contempt and order of commitment. Lima did not provide proof of his confinement. Lima amended his petition to add an alternative request for mandamus relief. On December 21, 2017,

3

we stayed enforcement of the trial court's order of December 11, 2017, in Cause No. CIV30380, and requested a response from the real party in interest. It appears no written judgment of contempt or order of commitment was signed by the trial court and nothing in the record before us establishes that Lima has been taken into custody.

**Arguments**

Lima presents four issues in his petition. First, he contends the judgment of contempt is void, beyond the power of the trial court, and violates due process because the temporary injunction the trial court found Lima violated was void because it did not include a trial date and required no bond be posted. Second, he complains that he was tried in absentia. Third, Lima contends the trial court lacks the authority to award Price attorney's fees in connection with the judgment of contempt. Fourth, Lima argues that the trial court abused its discretion by ruling that Lima should be incarcerated while he was not physically present in court and based upon a void temporary injunction.

In her response, Price argues that the contempt judgment is not void because it was based upon a Rule 11 agreement between the parties. She contends Lima waived a trial setting and the necessity of a bond by presenting to the trial court for signature an agreed temporary injunction that neither set the case for trial nor ordered a bond. Price contends that because Lima was duly served with a citation and order

4

to appear, he was not tried in absentia. Finally, Price contends attorney's fees may be awarded on equitable grounds or pursuant to enforcement of the Rule 11 agreement as a contract.

## Temporary Injunction

A temporary injunction that fails to set the cause for trial on the merits "is subject to being declared void and dissolved." *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986). Likewise, a temporary injunction that fails to set a bond is subject to being declared void and dissolved. *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000). *InterFirst* and *Qwest* were accelerated appeals from the granting of temporary injunctions. Lima did not appeal from the temporary injunction. Therefore, we must determine whether Lima is entitled to extraordinary relief in this original proceeding.

## Habeas Corpus

Before we decide whether Lima is entitled to habeas relief, we must determine whether he is "restrained in his liberty . . . by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case." *See* Tex. Gov't Code Ann. § 22.221(d) (West Supp. 2017).

In this case, the trial court announced its decision from the bench but did not promptly reduce its decision to a written judgment, issue an order of commitment, or have Lima taken into custody.[1] The sole purpose of a habeas corpus proceeding is to determine whether the relator has been unlawfully restrained. *In re Spates*, No. 14-14-00603-CV, 2014 WL 4262197, at *2 (Tex. App.—Houston [14th Dist.] Aug. 28, 2014, orig. proceeding) (mem. op.). Habeas relief is not available where the relator "is not currently confined, is not released on bond pending review of his petition, is not on probation, and did not provide evidence that a capias has issued." *Id*. Lima is not currently confined, no capias has issued, he is not released on bond, and he is not subject to a community supervision order. We conclude that Lima has not established his entitlement to habeas relief.

---

[1] "[D]ue process requires both a written judgment of contempt and a written order of commitment, although the trial court may cause a contemnor to be detained for a short reasonable time while the judgment of contempt and an order of commitment are prepared for the court's signature." *Ex parte Price*, 741 S.W.2d 366, 368 (Tex. 1987). "Even when a written judgment or order of contempt is signed, a written order of commitment delivered to the sheriff or other appropriate officer is necessary to legally imprison a person." *Ex parte Barnett*, 600 S.W.2d 252, 256 (Tex. 1980). Furthermore, "a trial court has no authority to verbally order a person confined for contemptuous acts committed outside the presence of the court and, thereafter, unduly delay signing a contempt judgment and commitment order." *Ex parte Calvillo Amaya*, 748 S.W.2d 224, 224 (Tex. 1988). A three-day delay is not a reasonable time to reduce the oral pronouncement to a written judgment. *Id.*

## Mandamus

In the absence of physical restraint, a person may seek mandamus relief from a contempt judgment. *See Rosser v. Squier*, 902 S.W.2d 962, 962 (Tex. 1995) (orig. proceeding). Furthermore, an appellate court may consider granting mandamus relief from "an oral order if the court's ruling is a clear, specific, and enforceable order that is adequately shown by the record." *In re Bledsoe*, 41 S.W.3d 807, 811 (Tex. App.—Fort Worth 2001, orig. proceeding).

To support his argument that he is entitled to relief, Lima cites *In re Garza*, 126 S.W.3d 268, 271 (Tex. App.—San Antonio 2003, orig. proceeding [mand. denied]). In *Garza*, the trial court held a party in contempt for violating a void temporary injunction. *Id.* at 270, 273. Mandamus conditionally issued to require the trial court to vacate the judgment of contempt. *Id.* However, an oral contempt order is not enforceable unless it is reduced to a written judgment within a reasonable time. *Ex parte Calvillo Amaya*, 748 S.W.2d 224, 224 (Tex. 1988). Because an oral finding of contempt is ineffective unless it is reduced to a written judgment, we conclude that mandamus is not available to compel the trial court to vacate its oral order finding Lima in contempt.

Lima has not shown that he filed a motion to dissolve the injunction with the trial court, and his counsel did not challenge the validity of the agreed temporary

7

injunction during the contempt hearing. Lima apparently argues that the agreed temporary injunction is void for the first time in this proceeding. "Due to the extraordinary nature of the remedy, the right to mandamus relief generally requires a predicate request for action by the respondent, and the respondent's erroneous refusal to act." *In re Coppola*, No. 16-0723, 2017 WL 6390965 at *3 (Tex. Dec. 15, 2017) (orig. proceeding). Likewise, the mandamus record does not contain a written order awarding attorney's fees for violating the temporary injunction order. Relator has not shown that mandamus relief from an order awarding attorney's fees is required at this time. Thus, Lima has not established that he is entitled to mandamus relief. Accordingly, we lift our stay order and deny the petition.

PETITION DENIED.

PER CURIAM

Submitted on January 2, 2018
Opinion Delivered February 1, 2018

Before Kreger, Horton, and Johnson, JJ.