

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00240-CV

MAURO E. GARZA AND EVERETT HOLDINGS, LLC, APPELLANTS

V.

JULIA PEREZ, APPELLEE

On Appeal from the 57th District Court
Bexar County, Texas[1]
Trial Court No. 2023-CI-08559, Honorable David A. Canales, Presiding

August 23, 2023

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellants, Mauro E. Garza and Everett Holdings, LLC, bring this interlocutory appeal from the issuance of a temporary injunction against them.[2]  We reverse the trial

---

[1] This appeal was transferred to this Court from the Fourth Court of Appeals by docket equalization order of the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001.

[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4).

court's order, dissolve the temporary injunction, and remand the case to the trial court for further proceedings.

## BACKGROUND

Appellee, Julia Perez, obtained a default judgment against M Garza Enterprises, Inc., and Everett Holdings in September of 2022. The trial court appointed a receiver to aid in the collection of the judgment. In May of 2023, Perez filed the underlying lawsuit against Appellants alleging that Everett Holdings fraudulently transferred property to Garza, individually, to avoid its obligations to her under the judgment. The trial court granted Perez's request for a temporary restraining order and then, on May 11, granted her request for a temporary injunction. Appellants filed this appeal.

## ANALYSIS

A trial court has discretion in whether to grant or deny an application for temporary injunction. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (op. on reh'g). We review a trial court's order granting a temporary injunction for clear abuse of discretion. *Henry v. Cox*, 520 S.W.3d 28, 33 (Tex. 2017).

A temporary injunction is an extraordinary remedy granted to preserve the status quo pending a trial on the merits. *Butnaru*, 84 S.W.3d at 204. "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained . . . ." TEX. R. CIV. P. 683; *RCI Entm't (San Antonio), Inc. v. City of San Antonio*, 373 S.W.3d 589, 603 (Tex. App.—San Antonio 2012, no pet.). These requirements "are mandatory and must be strictly

2

followed." *Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam). A trial court abuses its discretion if it issues a temporary injunction order that does not comply with the requirements of Rule 683. *Charter Med. Corp. v. Miller*, 547 S.W.2d 77, 78 (Tex. Civ. App.—Dallas 1977, no writ).

Appellants contend that the temporary injunction at issue violates Rule 683 because it describes enjoined conduct by reference to other documents, fails to set forth reasons why the relief is necessary to prevent irreparable injury, and is vague. They argue in the alternative that the temporary injunction must be reversed and dissolved in part because it is unsupported by the pleadings.

Perez argues in response that Appellants did not raise their complaint regarding Rule 683 defects in the trial court and thus may not raise it on appeal. But the Fourth Court of Appeals, from which this case was transferred, has held that the failure to meet the requirements of Rule 683 renders an injunction order "fatally defective and void, whether specifically raised by point of error or not." *EOG Res., Inc. v. Gutierrez*, 75 S.W.3d 50, 53 (Tex. App.—San Antonio 2002, no pet.) (quoting *Hopper v. Safeguard Bus. Sys., Inc.*, 787 S.W.2d 624, 626 (Tex. App.—San Antonio 1990, no writ)).[3] Therefore, we turn to the question of whether the requirements of Rule 683 have been met.

---

[3] This Court, along with the Third Court of Appeals, holds the minority view that failure to make a trial objection to the form of the injunction waives a party's right to complain on appeal. *See Malcom v. Cobra Acquisitions, LLC*, 07-19-00405-CV, 2020 Tex. App. LEXIS 3732, at *18 (Tex. App.—Amarillo Apr. 30, 2020, no pet.) (mem. op.).

"Under Rule 683 the reason for the granting of a temporary injunction must be stated in the order. . . . [The order must] give the reasons why injury will be suffered if the interlocutory relief is not ordered." *State v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex. 1971) (citing *Transp. Co. of Tex. v. Robertson Transps.*, 261 S.W.2d 549, 556 (Tex. 1953)); *see also City of Corpus Christi v. Friends of the Coliseum*, 311 S.W.3d 706, 708 (Tex. App.—Corpus Christi–Edinburg 2010, no pet.) ("When a temporary injunction is based in part on a showing that the applicant would suffer irreparable harm if the injunction is not issued, Rule 683 requires the order to state precisely *why* the applicant would suffer irreparable harm.") (emphasis in original). The order "must be specific and legally sufficient on its face and not merely conclusory." *El Tacaso, Inc. v. Jireh Star, Inc.*, 356 S.W.3d 740, 744 (Tex. App.—Dallas 2011, no pet.). If a temporary injunction order fails to comply with the mandatory requirements of Rule 683, it is "subject to being declared void and dissolved." *Qwest Communs. Corp.*, 24 S.W.3d at 337.[4]

The order at hand recites only one finding by the trial court: "The Court finds the record establishes the findings necessary to issue a Temporary Injunction as requested by the Plaintiff." Following that statement, the order lists the actions Appellants are enjoined from taking and then sets forth the trial setting and amount of bond. The order does not specify the facts the trial court relied on or identify the injury Perez will suffer if the injunction does not issue. As such, it fails to satisfy Rule 683's mandate to state the reasons for its issuance and to be specific in its terms. *See Grounds v. First GroundRock Royalties, LLC*, 629 S.W.3d 674, 676 (Tex. App.—San Antonio 2021, no pet.) (temporary

---

[4] The Fourth Court of Appeals holds that such orders are "fatally defective and void." *See In re Garza*, 126 S.W.3d 268, 271 (Tex. App.—San Antonio 2003, orig. proceeding).

injunction order void because reference to application did not satisfy Rule 683's requirement that order specifically state "reasons why injury will be suffered"); *Quintanilla v. De La Rosa*, No. 13-20-00575-CV, 2021 Tex. App. LEXIS 5849, at *5 (Tex. App.—Corpus Christi–Edinburg July 22, 2021, no pet.) (mem. op.) (temporary injunction order void because it did not contain any statement explaining reasons for its issuance); *Indep. Capital Mgmt., L.L.C. v. Collins*, 261 S.W.3d 792, 795 (Tex. App.—Dallas 2008, no pet.). These deficiencies render the order void. *In re Garza*, 126 S.W.3d at 271 (temporary injunction order that failed to meet the requirements of Rule 683 is void, not voidable). A void order has no force or effect and confers no right; it is a nullity. *See id.* Therefore, we sustain Appellants' challenge to the order's compliance with Rule 683.

## CONCLUSION

Because the trial court's temporary injunction order does not comply with Rule 683, it is void. Accordingly, we reverse the trial court's order, dissolve the temporary injunction, and remand this cause to the trial court.

Judy C. Parker
Justice

5