**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00444-CV**

_____

**IN RE PREMIER COIN AND BULLION EXCHANGE, LLC, AARON J. MOORE AND ANDREW R. MELONTREE**

_____

**Original Proceeding**
**60th District Court of Jefferson County, Texas**
**Trial Cause No. B-209937**

_____

**MEMORANDUM OPINION**

In a suit for alleged breach of contract and violations of the Texas Trade Secrets Act, the trial court entered an Amended Agreed Temporary Injunction that enjoined Relators Premier Coin and Bullion Exchange, LLC, Aaron J. Moore and Andrew R. Melontree (collectively "Premier Coin") from contacting any client or customer of the Real Party in Interest American Gold Reserve, LLC ("AGR"). Premier Coin did not perfect an appeal from the Agreed Temporary Injunction. Later, the trial court found Premier Coin violated the temporary injunction and ordered them to pay $10,000 in attorney's fees to AGR, and Premier Coin filed a

1

motion to vacate the temporary injunction on the ground that AGR failed to post the bond for the temporary injunction. In response, AGR requested leave to post the bond. The trial court granted AGR's motion to post bond, then denied Premier Coin's motion to vacate the orders the trial court signed before AGR posted the bond. In a mandamus petition, Premier Coin argues the temporary restraining order was void *ab initio*, and the orders predicated on the void injunction are likewise void. AGR argues it complied with the bond requirement of Rule 684 when it filed a $100 bond for the temporary restraining order and that the recital in the trial court's temporary injunction order which states, "The Court finds that the bond posted by AGR in the amount of $250.00 is sufficient to enjoin Defendants" illustrates the clear intent of AGR and the trial court that the $100 bond already posted by AGR is a sufficient bond for the temporary injunction. We conditionally grant mandamus relief.

Mandamus Standard

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding).

"A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827

S.W.2d at 839 (internal quotations omitted). "A trial court's failure to analyze or apply the law correctly is an abuse of discretion." *In re Kappmeyer*, 668 S.W.3d 651, 655 (Tex. 2023) (orig. proceeding) (internal quotation omitted).

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus relief against the detriments, considering whether extending mandamus relief will preserve important substantive and procedural rights from impairment or loss. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). This balancing test is necessarily a fact-specific inquiry that "resists categorization[.]" *Prudential*, 148 S.W.3d at 136.

Temporary Injunction

The procedural requirements of Rules 683 and 684 are mandatory, and a temporary injunction order that does not meet the mandatory requirement of Rules 683 and 684 "is subject to being declared void and dissolved." *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000). A bond is mandatory under Rule 684. *See* Tex. R. Civ. P. 684 ("In the order granting any temporary restraining order or temporary injunction, the court shall fix the amount of security to be given by the applicant. Before the issuance of the temporary restraining order or temporary injunction the applicant shall execute and file with the clerk a bond to the adverse party, with two or more good and sufficient sureties, to be approved by the clerk, in the sum fixed by the judge, conditioned that the applicant will abide by the decision

which may be made in the cause, and that he will pay all sums of money and costs that may be adjudged against him if the restraining order or temporary injunction shall be dissolved in whole or in part."). A temporary injunction that has no bond is void. *Qwest Commc'ns Corp.*, 24 S.W.3d at 337.

The Amended Agreed Temporary Injunction required AGR to post a $250 bond as a prerequisite to issuance of the writ of injunction. AGR had filed a $100 bond for a temporary restraining order, but the trial court signed an order to release that bond to counsel for Premier Coin before the temporary injunction order issued. Thus, no bond was on file when the writ of temporary injunction issued or when Premier Coin committed the acts that resulted in imposition of the sanctions. AGR's failure to post the bond in the amount ordered by the trial court in its temporary injunction order before the writ issued rendered the writ void *ab initio*. *See In re Vaughn*, No. 12-09-00143-CV, 2009 WL 3288301, at *3 (Tex. App.—Tyler Oct. 14, 2009, orig. proceeding) (mem. op.). Additionally, the temporary injunction is void notwithstanding that it was by agreement of the parties. *See Expo Group, LLC v. Purdy*, No. 05-24-00653-CV, 2025 WL 303954, at *5 (Tex. App.—Dallas, Jan. 27, 2025, no. pet.) (mem. op.) (no abuse of discretion where trial court dissolves temporary injunction as void due to omission of bond by agreement of the parties). An order that is based upon violations of a void temporary injunction is likewise void. *Vaughn*, 2009 WL 3288301, at *4. We conclude that the trial court abused its

4

discretion by imposing sanctions on Premier Coin and by ordering Premier Coin to pay attorney's fees to AGR within 30 days because the underlying temporary injunction was void.

Remedy

Premier Coin did not pursue an accelerated appeal when the trial court signed the temporary injunction. When an order is void, however, the relator need not show the lack of an adequate appellate remedy, and mandamus relief is appropriate. *In re Vaishangi, Inc.*, 442 S.W.3d 256, 261 (Tex. 2014) (orig. proceeding) (Lack of an adequate remedy by appeal need not be established if the trial court acted without jurisdiction.); *see also In re Pierce*, No. 13-12-00125-CV, 2012 WL 3525638, at *4 (Tex. App.—Corpus Christi–Edinburg Aug. 10, 2012, orig. proceeding) (mem. op.) ("We conclude that we should not deny relief on grounds that an adequate remedy by appeal exists where the order at issue, while tantamount to a temporary injunction, lacked any of the identifying indicia of a temporary injunction and was not entered with the procedural requirements applicable to temporary injunctions.").

Furthermore, in this mandamus proceeding, Premier Coin challenges the February 13, 2024 order, which found Relators violated the temporary injunction, and the July 31, 2024 order, which overruled Premier Coin's objection to AGR's fee request and ordered Relators to pay attorney's fees in the amount of $10,000 within 30 days. Mandamus is available to challenge these orders because they were

5

essentially contempt orders that did not involve confinement. *See In re Garza*, 126 S.W.3d 268, 270 (Tex. App.—San Antonio 2003, orig. proceeding) (Relator in mandamus proceeding did not waive her right to challenge a void temporary injunction order by agreeing to the temporary injunction and by failing to challenge the order through an accelerated appeal.). Based on the record before us, we conclude the benefits of mandamus review outweigh the detriments. *See Team Rocket*, 256 S.W.3d at 262.

## Conclusion

We are confident that the trial court will vacate its order of February 13, 2024, and its finding that Relators violated the temporary injunction, and it will vacate its order of July 31, 2024, which overruled Relators' objection to AGR's fee request and ordered Relators to pay attorney's fees in the amount of $10,000 within 30 days. The writ shall issue only in the event the trial court fails to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on January 9, 2025
Opinion Delivered April 24, 2025

Before Golemon, C.J., Johnson and Wright, JJ.

6