

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| W.S., | ) |
| | ) |
|         **Appellant,** | )   **WD82664** |
| | ) |
| v. | )   **OPINION FILED:  January 28, 2020** |
| | ) |
| **JACKSON COUNTY PROSECUTOR,** | ) |
| **ET AL.,** | ) |
| | ) |
|         **Respondents.** | ) |

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable Jeffrey L. Bushur, Judge

Before Division Two:  Cynthia L. Martin, Presiding Judge, Thomas H. Newton, Judge
and Gary D. Witt, Judge

W.S. ("Appellant")[1] appeals the judgment of the Circuit Court of Jackson County

denying, in part, his petition for expungement.  W.S. raises one allegation of error

---

[1] "We refer to this party by initials to protect the identity of the party.  It would defeat the spirit of the expungement statute to refer to a party by name in a public opinion which includes details of the offenses contained within the record, such that any order of expungement would be defeated by the public record made in the published opinion from the appeal.  To do otherwise would encourage a party which opposed the expungement to appeal the decision in order to create a readily available public record of the now expunged offenses and would discourage a party seeking expungement from appealing the denial of that request due to the readily available public record created by the appeal." *R.G. v. Mo. State Highway Patrol*, 580 S.W.3d 38, 39 n. 1 (Mo. App. W.D. 2019).

contending that the circuit court erred in its application of section 610.140.5.[2] The judgment is affirmed in part, reversed in part, and the case is remanded with instructions.

## Factual and Procedural Background

The facts of this case are not in dispute, and in fact the parties have filed with this Court a Joint Request for Remand to Trial Court, jointly requesting this Court remand the case back to the trial court for further action consistent with *R.G. v. Missouri State Highway Patrol*, 580 S.W.3d 38 (Mo. App. W.D. 2019) as both parties acknowledge that *R.G.* "resolves all issues on appeal."

On July 12, 2018, W.S. filed a Petition for Expungement in the circuit court ("Petition"). W.S. sought expungement of his 2000 conviction for felony possession of a controlled substance with the intent to distribute in violation of section 195.211[3] ("2000 Conviction") and his 2003 conviction for misdemeanor possession of drug paraphernalia in violation of Lee's Summit city ordinance 17-237 ("2003 Conviction"). The Petition named as defendants: the Circuit Court Division 28, City of Lee's Summit Municipal Division, the Missouri State Highway Patrol ("Highway Patrol"), the Prosecuting Attorney of Jackson County, the Jackson County Sheriff's Department, the Kansas City, Missouri Municipal Police Department, and the Lee's Summit Police Department. The Highway Patrol filed an Answer alleging that W.S. was ineligible for expungement. The Board of Police Commissioners of Kansas City, Missouri, also filed a "Response" to the Petition

---

[2] All statutory references are to RSMo. 2016, as updated through July 12, 2018, unless otherwise indicated.
[3] RSMo. (2000).

2

alleging it was unable to located records pertaining to W.S.'s arrest but refrained from consenting to the expungement.

The circuit court held a hearing on March 14, 2019 ("Hearing"). The evidence established that W.S. was convicted of felony possession of a controlled substance with intent to distribute on August 28, 2000. He was sentenced to three years' probation with a suspended imposition of sentence. The court revoked W.S.'s probation on April 26, 2002, and sentenced him to three years' imprisonment, with execution of that sentence suspended and a three year term of probation. W.S. completed the authorized disposition of his 2000 Conviction on April 26, 2005, and an order discharging him from probation was issued on May 31, 2005.

On December 4, 2003, W.S. was convicted of misdemeanor possession of drug paraphernalia by the Lee's Summit Municipal Court. He was convicted and sentenced to ten days in jail with execution of sentence suspended for a two year term of probation. W.S. completed the authorized disposition of his 2003 Conviction on December 4, 2005.

The Highway Patrol produced evidence that, subsequent to the two convictions now sought to be expunged, W.S. had additional convictions. On September 27, 2005, the Cass County Circuit Court convicted W.S. of misdemeanor possession of up to 35 grams of marijuana in violation of section 195.202[4] ("2005 Conviction") with a suspended imposition of sentence and one-year of unsupervised probation. He completed his probation on September 27, 2006. On April 10, 2007, W.S. was convicted in the Pleasant

---

[4] RSMo (2005).

3

Hill Municipal Court of a violation of section 28-109 of the Pleasant Hill Missouri Code, however, the court ultimately determined this not to be a misdemeanor pursuant to Missouri's Criminal Code.[5]

In arguing against expungement, the Highway Patrol contended that W.S. was ineligible for expungement because his 2005 Conviction from Cass County occurred less than seven years after the completed authorized disposition of his felony 2000 Conviction and less than three years from the completed disposition of his 2003 Conviction.

The circuit court entered its Judgment of Partial Expungement on March 14, 2019 ("Judgment"). The court found that W.S. was entitled to expungement of his 2003 Conviction because section 610.140.5 only prohibits expungements of a misdemeanor when a petitioner has been found guilty of a misdemeanor or felony *after* he completed any authorized disposition. The court found that because the 2005 Conviction occurred before W.S. completed the disposition of his 2003 Conviction, it did not disqualify him from expungement of his 2003 Conviction. As to the 2000 Conviction, however, the court found that because W.S. had convictions for misdemeanors within seven years from the date of his completed disposition of his 2000 Conviction, he was not entitled to expungement of that conviction.

This appeal followed challenging the Judgment's denial of expungement of the 2000 Conviction.

---

[5] The Highway Patrol does not challenge this finding on appeal.

## Standard of Review

As a court-tried case, we will affirm the judgment of the circuit court unless there is no evidence to support it, it is against the weight of the evidence, or it erroneously declares the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *S.Y. v. Askren*, 581 S.W.3d 721, 722 (Mo. App. W.D. 2019). The circuit court's statutory interpretations are a question of law to be reviewed *de novo*. *S.Y.*, 581 S.W.3d at 722.

## Discussion

On appeal, W.S. argues that the circuit court erred in its interpretation of subsections 610.140.5(1) and (2). W.S. argues that subsections (1) and (2) only require a showing that he had not committed another felony or misdemeanor within the seven years immediately preceding the filing of the petition for expungement.

The relevant portion of section 610.140.5 reads:

At any hearing, the court may accept evidence and hear testimony on, and may consider, the following criteria for each of the offenses, violations, or infractions listed in the petition for expungement:

(1) It has been at least seven years if the offense is a felony, or at least three years if the offense is a misdemeanor, municipal offense, or infraction, from the date the petitioner completed any authorized disposition imposed under section 557.011 for each offense, violation, or infraction listed in the petition;

(2) The person has not been found guilty of any other misdemeanor or felony, not including violations of the traffic regulations provided under chapters 304 and 307, during the time period specified for the underlying offense, violation, or infraction in subdivision (1) of this subsection[.]

Section 610.140.5(1)-(2).[6]

---

[6] Section 610.140.5 was amended, effective August 28, 2018, after the Petition was filed but before the Judgment was entered in this case. As such, we apply the prior version of Section 610.140.5. Subsection (1) now provides:

This Court directly addressed the proper interpretation of section 610.150.5(1) and (2) in *R.G. v. Missouri State Highway Patrol*, 580 S.W.3d 38 (Mo. App. W.D. 2019), which was handed down after the Judgment was entered but during the pendency of this appeal. In *R.G.*, petitioner sought the expungement of two misdemeanor convictions for disturbing the peace that occurred within three years of each other but more than three years prior to the filing of the petition for expungement. *Id.* at 39-40. This Court affirmed the judgment of the circuit court, noting that:

> While it is not clear from the language in the statute when the time period was to begin, the only interpretation that would be consistent with the legislative intent would be for the time period to begin at the time the petition was filed and extend backwards for three years for the expungement of this misdemeanor offense.

*Id.* at 41. This Court further explained, "[t]he purpose of expungement is to provide a second chance to persons who have had prior criminal offenses but have shown by their more recent conduct that they have rehabilitated themselves and deserve the second chance provided for in the statute." *Id.* at 42. "The legislature was focused on the time immediately prior to the filing of the petition for expungement because that is the period of time that would determine if the petitioner had changed their behavior so as to meet the statutory qualifications for expungement and deserve[s] the second chance provided by the statute." *Id.* This interpretation was affirmed again by this Court in *S.Y. v. Askren*, 581

---

(1) At the time the petition is filed, it has been at least seven years if the offense is a felony, or at least three years if the offense is a misdemeanor, municipal offense, or infraction, from the date the petitioner completed any authorized disposition imposed under section 557.011 for each offense, violation, or infraction listed in the petition[.]"

S.W.3d 721 (Mo. App. W.D. 2019), deciding the same issue. *See, also*, *G.E.D. v. Mo. State Highway Patrol*, No. SD35871 (Mo. App. S.D. Jan. 8, 2020).

The circuit court and the parties did not have the benefit of *R.G.* and *S.Y.* when this case was presented and when the circuit court issued its Judgment. After the opinion in *R.G.* became final, the parties to this action filed a Joint Request for Remand to Trial Court, jointly requesting this Court remand the case back to the trial court for further action consistent with *R.G.* as both parties acknowledge that *R.G.* "resolves all issues on appeal." The parties further jointly waived oral argument to expedite the appellate process.

In this case, the time period specified for the underlying offense in subdivision (1) of section 610.140.5 would be between July 12, 2018, the day W.S. filed his Petition for expungement, and July 12, 2011, seven years prior to the filing of the Petition. The Judgment does not reflect that W.S. was convicted of a misdemeanor or felony during this time. Thus, the circuit court erred in finding W.S. not eligible to have his 2000 Conviction expunged. The judgment is reversed as to the denial of expungement of the 2000 Conviction, and the case is remanded with directions to the circuit court to enter judgment granting W.S.'s petition for expungement of his 2000 conviction for felony possession of a controlled substance with intent to distribute, which was entered in Jackson County. The portion of the Judgment granting expungement of W.S.'s 2003 Conviction is affirmed.

**Conclusion**

For the reasons stated above, we affirm the expungement of his 2003 Conviction. We reverse and remand the case with instructions to grant W.S.'s petition for expungement

of his 2000 conviction for felony possession of a controlled substance with intent to distribute.

_____
Gary D. Witt, Judge

All concur