COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

CLAUDIO FERNANDEZ, IN HIS
INDIVIDUAL CAPACITY, AS WELL
AS HIS OFFICIAL CAPACITY AS
LEAGUE DIRECTOR FOR THE EL
PASO COUNTY SPORTSPARK YOUTH
PROGRAM, AND REY CHAVEZ, IN
HIS OFFICIAL CAPACITY AS EL PASO
COUNTY ASCARATE DIRECTOR,

Appellants,

v.

GRISELDA PIMENTEL, AS NEXT
FRIEND OF HER MINOR CHILD
BRANDON PIMENTEL, CLAUDIA
LOPEZ, AS NEXT FRIEND OF HER
MINOR CHILD RAUL LOPEZ, JR.,
IBETT ARPERO, AS NEXT FRIEND OF
HER MINOR CHILD ADRIAN
ARPERO, ROXANNE CONTRERAS, AS
NEXT FRIEND OF HER MINOR CHILD
CARLOS CONTRERAS, DAVID
PIMENTEL, RAUL LOPEZ, SR., IBETT
ARPERO, EPISANIO ARPERO JR.,
CARLOS CONTRERAS, MICHAEL
CORONA, AND JOEL BELTRAN,

Appellees.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

No. 08-11-00148-CV

Appeal from the

243rd Judicial District Court

of El Paso County, Texas

(TC# 2011-1561)

**O P I N I O N**

Two El Paso County officials were sued as a result of their decision to suspend certain

individuals from attending or participating in baseball games at a local park.  The officials filed

an interlocutory appeal, contending that the trial judge implicitly denied their plea to the

jurisdiction.  Because the trial judge never ruled on the plea, either explicitly or implicitly, we

dismiss the appeal for lack of appellate jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are associated with a youth baseball team known as the "El Paso Bombers," which participated in a league at the El Paso County Sportspark. Some of them were involved in a melee at the Sportspark. As a result, Defendants expressed their intent to suspend five adults and four players. In their original petition, Plaintiffs contend that the suspensions violate the written rules of conduct that govern league play at the Sportspark. They seek a declaratory judgment as to the correct interpretation of the rules. They also request a permanent injunction to prevent Defendants from imposing any suspensions that do not comply with the rules, as well as a temporary restraining order (TRO) and temporary injunction to prohibit any suspensions while the suit is pending. Finally, Plaintiffs seek damages for libel from Defendant Fernandez in his individual capacity because he allegedly accused them of using an illegal bat.

The original petition was filed on April 20, 2011. On that same day, the trial judge signed a TRO, enjoining the players' suspensions. The TRO set a temporary injunction hearing for May 3, a Tuesday. On April 29, a Friday, Defendants filed a plea to the jurisdiction. On May 3, the day of the temporary injunction hearing, Plaintiffs filed a supplemental petition in which they attempted to cure the jurisdictional deficiencies raised in the plea and sought an extension of the TRO.

At the hearing, Defendants' counsel argued that the judge should decide the jurisdictional issues raised in the plea before deciding whether to grant injunctive relief. Plaintiffs' attorney objected because Defendants never requested a hearing on the plea to the jurisdiction. He argued that he was entitled to three days' notice of any such hearing. The trial judge agreed with defense counsel that the plea should be resolved first. However, the judge stated that he needed

to hear evidence on the plea because it centered on a fact issue.

Given the need for evidence, the judge repeatedly asked defense counsel how they would like to proceed, and counsel repeatedly invoked their right to an interlocutory appeal. After hearing more than an hour's worth of arguments, the judge noted that the time was 4:30 p.m. and asked all the attorneys when they would be available for the evidentiary hearing. He offered to resume the hearing on Wednesday, Thursday, or Friday. Neither side was available on Wednesday. Plaintiffs' attorney pointed out that the TRO was about to expire and requested that the judge extend it for two days, or until the conclusion of the hearing on the plea to the jurisdiction. Defendants' attorneys objected to extending the TRO. The judge announced that he found good cause to extend the TRO for fourteen days and offered to "bump" other matters on his calendar to expedite the evidentiary hearing on the plea to the jurisdiction. The judge stated, "So, let me know what time is available for the litigants and we will take this matter up [at] the time that is available for both parties." Defense counsel responded to this offer by stating, "At this time, Your Honor, we will be filing our interlocutory appeal and invoking the automatic stay once it is filed." The judge replied, "I will note for the record that the Court has not made a finding on the jurisdiction issue because the Court, due to [defense counsel's] actions, has not had an opportunity to fully explore the issue. The Court finds that there are factual issues that the Court would like to have a further hearing on and due to the County Attorney's premature action, the Court is not able to have the hearing on this issue." With that, the hearing concluded. Defendants immediately filed their notice of appeal, stating that they were appealing "the trial court's *refusal to rule* on Defendants' Plea to the Jurisdiction." [Emphasis added].[1]

_____

[1] On May 16, 2011, the trial judge signed a document entitled "Findings of the Trial Court." The findings detail the procedural history of the case and state that the hearing on the plea to the jurisdiction has not ended. In determining our jurisdiction, it is unnecessary to consider the findings. Therefore, we express no opinion as to their legal effect. *But see In re Marriage of J.B. & H.B.*, 326

As a general rule, appeals may only be taken from final judgments or orders. *Thomas v. Long*, 207 S.W.3d 334, 338 (Tex. 2006). An exception to this general rule is found in Section 51.014 of the Texas Civil Practice and Remedies Code, which allows an appeal from an interlocutory order that grants or denies a plea to the jurisdiction by a government entity. TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(a)(8)(West Supp. 2011). Defendants argue on appeal that the judge implicitly denied their plea to the jurisdiction by considering and ruling on Plaintiffs' request to extend the TRO. They cite *Thomas v. Long* as support. Plaintiffs do not challenge Defendants' assertion that we have jurisdiction. Nevertheless, we have an obligation to ensure that we have jurisdiction before proceeding to the merits of an appeal. *See In re Estate of Morales*, 345 S.W.3d 781, 783 (Tex.App.--El Paso 2011, no pet.).

In *Thomas*, the plaintiff sued the Harris County Sheriff, seeking a declaration that, as a result of a civil service commission order, she was entitled to return to work as a jailer with no loss of seniority or benefits, without taking any tests, without re-applying for employment, and with back pay. *See Thomas*, 207 S.W.3d at 336. In addition, she sought damages for retaliation and a writ of mandamus compelling the sheriff to comply with the commission's order. *Id*. at 336-37.[2]

The plaintiff moved for partial summary judgment on the declaratory judgment and mandamus actions. *Thomas*, 207 S.W.3d at 337. The sheriff moved for summary judgment on the same claims, arguing that the trial court lacked subject matter jurisdiction over those claims.

---

S.W.3d 654, 662 (Tex.App.--Dallas 2010, no pet.)(holding that findings of fact amounted to a legal nullity because they were entered after an interlocutory appeal was filed).

[2] The plaintiff also sought a TRO and temporary injunction, but the supreme court's opinion does not indicate whether the trial court ruled on these requests. *See Thomas*, 207 S.W.3d at 336-37.

He also argued that even if the trial court had jurisdiction, he was entitled to judgment as a matter of law on the declaratory judgment and mandamus actions. The trial court granted a partial judgment in favor of the plaintiff, declaring that she was entitled to return to work immediately with no loss of seniority or benefits, without re-applying and without taking any tests. *Id*. The plaintiff's claims for retaliation, attorney's fees, and back pay remained pending. *Id*.

The sheriff appealed, but the appellate court dismissed for lack of jurisdiction because the record did not contain an order granting or denying a plea to the jurisdiction. *Id*. at 338. The supreme court reversed. *Id*. at 342. It held that although the trial court did not explicitly deny the sheriff's jurisdictional challenge, the trial court implicitly rejected that challenge by ruling on the merits of claims for which the sheriff asserted a lack of jurisdiction. *Id*. at 339. The supreme court stated, "Because a trial court cannot reach the merits of a case without subject matter jurisdiction, a trial court that rules on the merits of an issue without explicitly rejecting an asserted jurisdictional attack has implicitly denied the jurisdictional challenge." *Id*. at 339-40 [Internal citation omitted]. By ruling on the merits of the plaintiff's declaratory judgment claim, the trial court necessarily denied the sheriff's jurisdictional challenge. *Thomas*, 207 S.W.3d at 340.

This case is distinguishable from *Thomas*. There, the trial court granted relief on the merits of the plaintiff's claims. Here, the judge never reached the merits of Plaintiffs' claims; he simply extended a TRO. A TRO is entered when a motion for temporary injunction is pending. *See Brines v. McIlhaney*, 596 S.W.2d 519, 523 (Tex. 1980). Its purpose is to preserve the status quo pending a ruling on the motion for a temporary injunction. *See In re Newton*, 146 S.W.3d 648, 651 (Tex. 2004); *Brines*, 596 S.W.2d at 523. Because a TRO is merely a precursor to a temporary injunction, it does not constitute a ruling on the merits. *See Iranian Muslim Org. v.*

*City of San Antonio*, 615 S.W.2d 202, 208 (Tex. 1981)("[T]he only question before the trial court in a temporary injunction hearing is whether the applicant is entitled to preservation of the status quo of the subject matter of the suit pending trial on the merits. The ruling on the temporary injunction may not be used to obtain an advance ruling on the merits . . . ." [Citation omitted]); *Pub. Util. Comm'n v. Water Servs., Inc.*, 709 S.W.2d 765, 767 (Tex.App.--Austin 1986, no writ)("The . . . recognition that a temporary injunction hearing is not the same as a hearing on the merits echoes throughout our jurisprudence.").

Furthermore, in this case, the trial judge expressly stated that he was not ruling on the plea to the jurisdiction. At the conclusion of the hearing, he noted for the record that he had not "made a finding on the jurisdiction issue." Although it made sense to conclude that the trial court in *Thomas* implicitly denied the plea to the jurisdiction by granting part of the ultimate relief requested by the plaintiff, it does not make sense to conclude that the trial judge here denied the plea by extending the TRO, when the reason for the extension was to preserve the status quo pending a determination of the jurisdictional issue.

This case is analogous to *City of Galveston v. Gray*, 93 S.W.3d 587 (Tex.App.--Houston [14th Dist.] 2002, pet. denied). In that case, two governmental defendants filed pleas to the jurisdiction. *Gray*, 93 S.W.3d at 589. The trial court granted the plaintiff's motion to continue a hearing on the pleas and allowed her to conduct discovery on liability. *Id*. The governmental entities filed an interlocutory appeal, contending that the trial court had implicitly denied the pleas to the jurisdiction. *Id*. at 590. The appellate court held that it lacked jurisdiction over the interlocutory appeal because the trial court expressly stated that it was not ruling on the pleas to the jurisdiction. *Gray*, 93 S.W.3d at 590; *accord Tex. Dep't of Pub. Safety v. Salazar*, No. 03-11-00206-CV, 2011 WL 1469429, at *1 (Tex.App.--Austin Apr. 19, 2011, no pet.)(mem. op.).

As in *Gray*, the trial judge here continued the hearing on the plea to the jurisdiction and did not make a ruling on it. As in *Gray*, we lack jurisdiction absent a ruling by the trial judge. Accordingly, the appeal is dismissed.


January 11, 2012
CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Antcliff, J., and Chew, C.J. (Senior)
Chew, C.J. (Senior)(Sitting by Assignment)