**DISMISS and Opinion Filed May 3, 2022**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00306-CV

### TEXAS PARKS AND WILDLIFE DEPARTMENT AND JOHN SILOVSKY, WILDLIFE DIVISION DIRECTOR, Appellants
### V.
### RW TROPHY RANCH, LTD. AND ROBERT WILLIAMS, Appellees

**On Appeal from the County Court at Law No. 2**
**Kaufman County, Texas**
**Trial Court Cause No. 110299-CC2**

## MEMORANDUM OPINION

Before Justices Molberg, Goldstein, and Smith
Opinion by Justice Goldstein

Appellants Texas Parks and Wildlife Department and John Silovsky, Wildlife Division Director (collectively the Department) filed this interlocutory appeal of the trial court's April 1 temporary restraining order (TRO). The Department asserted in its notice of appeal that the TRO implicitly denied its plea to the jurisdiction and was, therefore, appealable pursuant to section 51.015(a)(8) of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (order granting or denying a plea to the jurisdiction by governmental unit is subject to interlocutory appeal). Appellees RW Trophy Ranch, Ltd. and its owner Robert

Williams (collectively the Ranch), have filed a motion to dismiss the appeal for want of jurisdiction.

In the underlying case, the Ranch, a deer breeding facility, and Williams sued the Department to prevent it from implementing a plan to slaughter all of its deer in an effort to contain an outbreak of chronic wasting disease – a contagious and fatal neurodegenerative disorder. After the trial court signed an initial TRO, the Department filed a plea to the jurisdiction. At the conclusion of the March 29 hearing on the Department's plea, the Ranch announced that it intended to file a second request for a TRO. It asked the trial court to grant its second request and defer ruling on the Department's plea until the trial court "has a chance to look at some of the merits of the case." The Ranch filed its request for a second TRO on March 30. On April 1, after the parties had submitted their proposed orders, the trial court signed a second TRO that enjoined the Department from killing the deer and set a hearing date of April 13 for the Ranch's application for a temporary injunction. By its terms, the TRO expired on April 14.[1]

The purpose of a TRO is to preserve the status quo and it restrains a party from acting only during the pendency of a motion for temporary injunction. *See In re Spiritas Ranch Enterprises, L.L.P.*, 218 S.W.3d 887, 895 (Tex. App.—Fort Worth 2007, orig. proceeding). A TRO does not constitute a ruling on the merits. *See*

---

[1] By order dated April 15, this Court stayed the Department from euthanizing and initiating postmortem disease testing of the deer pending resolution of the motion to dismiss.

*Fernandez v. Pimentel*, 360 S.W.3d 643, 646 (Tex. App.—El Paso 2012, no pet.). While an interlocutory appeal from the grant or denial of a temporary injunction is allowed, no statutory provision permits an appeal from a temporary restraining order. *See Nikolouzos v. St. Luke's Episcopal Hosp.*, 162 S.W.3d 678, 680 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

In its motion to dismiss, the Ranch asserts the TRO which expired by its own terms on April 14 is not appealable because it did no more than protect the status quo for a period of fourteen days as allowed under rule 680 of the rules of civil procedure. *See* Tex. R. Civ. P. 680. For this reason, the Ranch asserts, we lack jurisdiction and the appeal should be dismissed.

In its response to the motion to dismiss, the Department counters the TRO is appealable because, in granting the TRO, the trial court implicitly denied its plea to the jurisdiction which is subject to an interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8). The Department relies on two cases from this Court. *See Tex. Dep't of Family & Protective Servs. v. ASI Gymnastics, Inc.*, No. 05-09-01469-CV, 2010 WL 2764793, at *1 n.2 (Tex. App.—Dallas July 14, 2010, no pet.) (mem. op.); *Abbott v. Jenkins*, No. 05-21-00733-CV, 2021 WL 5445813, at *5 (Tex. App.—Dallas Nov. 22, 2021, pet. pending) (mem. op.). Those cases are distinguishable. Although this Court addressed the implied denial of pleas to the jurisdiction, the appellant in each case appealed from a temporary injunction over which we do have jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann.

–3–

§ 51.014(a)(4) (interlocutory order that grants or denies temporary injunction appealable). By contrast, there is no statute giving this Court jurisdiction to review a temporary restraining order.

Additionally, the Department relies on *Thomas v. Long*, 207 S.W.3d 334 (Tex. 2006). The plaintiff in *Thomas* filed a motion for partial summary judgment on two of her claims and the defendant filed a cross-motion for summary judgment in which he challenged the trial court's jurisdiction over those claims. *See id*. at 337. The trial court granted the plaintiff's motion and the defendant appealed. The court of appeals dismissed the appeal because the record did not contain an order denying the plea to the jurisdiction. The Supreme Court reversed. It held the trial court's granting partial summary judgment constituted an implicit rejection of Thomas's jurisdictional challenges asserted in his cross-motion for summary judgment because the trial court could not have reached the merits without subject matter jurisdiction. *Id*. at 339-40. The holding in *Thomas* is inapplicable because, unlike this case, the trial court in *Thomas* made a ruling on the merits which it could not do without first determining it had jurisdiction.

Here, the TRO did nothing more than maintain the status quo for the allowable amount of time under rule 680. On the record before us, it appears the trial court implicitly deferred ruling on the plea to the jurisdiction in favor of entering the TRO as requested by the Ranch at the hearing. We cannot construe the straight-forward TRO as an implicit denial of the plea to the jurisdiction. Because there is no

authority allowing review of a temporary restraining order, we grant the Ranch's motion, lift the stay issued by this Court's April 15, 2022 order, and dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

220306F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TEXAS PARKS AND WILDLIFE
DEPARTMENT AND JOHN
SILOVSKY, WILDLIFE DIVISION
DIRECTOR, Appellants

No. 05-22-00306-CV     V.

RW TROPHY RANCH, LTD. AND
ROBERT WILLIAMS, Appellees

On Appeal from the County Court at
Law No. 2, Kaufman County, Texas
Trial Court Cause No. 110299-CC2.
Opinion delivered by Justice
Goldstein. Justices Molberg and
Smith participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellees RW TROPHY RANCH, LTD. AND ROBERT WILLIAMS recover their costs of this appeal from appellants TEXAS PARKS AND WILDLIFE DEPARTMENT AND JOHN SILOVSKY, WILDLIFE DIVISION DIRECTOR.

Judgment entered May 3, 2022