

# NUMBER 13-24-00215-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DE LEON AIRCRAFT
MAINTENANCE PROFESSIONAL
AND CHRISTOPHER DE LEON,
INDIVIDUALLY,                                          Appellants,

v.

LUIS GUTIERREZ AND
SERGIO GUTIERREZ,                                      Appellees.

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 9
OF HIDALGO COUNTY, TEXAS



## NUMBER 13-24-00262-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

## IN RE DE LEON AIRCRAFT MAINTENANCE PROFESSIONAL AND CHRISTOPHER DE LEON, INDIVIDUALLY

---

## ON PETITION FOR WRIT OF MANDAMUS

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Peña**
**Memorandum Opinion by Justice Peña[1]**

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Appellants De Leon Aircraft Maintenance Professional and Christopher De Leon individually have filed a notice of appeal regarding an April 29, 2024 "Temporary Order and Temporary Injunction" in our appellate cause number 13-24-00215-CV. By separate petition for writ of mandamus filed in our appellate cause number 13-24-00262-CV, these appellants/relators seek to set aside that same order, as well as a previously rendered November 24, 2020 "Temporary Order and Temporary Injunction." In the interests of judicial efficiency and economy, we address both the appeal and the petition for writ of mandamus in this single memorandum opinion. In the appeal, we reverse the April 29, 2024 order as void and remand the case for further proceedings. In the original proceeding, we conclude that the November 24, 2020 order expired by its own terms, or was otherwise superseded and implicitly vacated by the April 29, 2024 order. We dismiss the petition for writ of mandamus as moot.

## I.    BACKGROUND

On October 15, 2019, appellees/real parties in interest Luis Gutierrez and Sergio Gutierrez filed an "Original Petition and Request for Temporary Injunction" against appellants. Appellees alleged that they hired appellants to perform repairs on appellees' Cessna aircraft but appellants neither performed the repairs nor returned the aircraft to appellees. According to their petition, appellees paid appellants an initial deposit of $6,500 and also paid appellants in excess of $15,000 for the repairs over the course of the following year. According to appellees' petition, appellants failed to complete the repairs to the aircraft and stopped responding to appellees' requests for information regarding the repairs. Appellees brought causes of action against appellants for deceptive

3

trade practices, fraud, negligent misrepresentation, breach of contract, unjust enrichment, and conversion. Appellees further sought a temporary injunction allowing them access to appellants' hangar so that they could ascertain the status and condition of the aircraft and further requiring appellants to deliver the aircraft to them, or alternatively, allowing them to retrieve the aircraft.

On November 3, 2020, the trial court signed an "Ex-Parte Temporary Restraining Order and Order Setting Hearing for Temporary Orders, Temporary Injunction." In relevant part, this order stated that appellees were entitled to relief "as a result of immediate and irreparable injury, loss and/or damage that will result" before an adversary hearing could be held. The order restrained appellants from auctioning, selling, encumbering, hiding, or foreclosing on the aircraft, set a $100 bond, and scheduled a hearing for the temporary injunction to be held on November 17, 2020. The order stated that it "shall continue in force and effect until further order of this Court or until it expires by operation of law."

On November 24, 2020, the trial court issued a "Temporary Order and Temporary Injunction." In relevant part, this order stated that appellees were entitled to relief "as a result of immediate and irreparable injury, loss and/or damage that will result" if relief was not granted. This order, like the earlier order, restrained appellants from auctioning, selling, encumbering, hiding, or foreclosing on the aircraft. The order stated that the bond had already been satisfied and set the matter for a telephonic docket control conference to be held on December 15, 2020. This order also provided that it "shall continue in force and effect until further order of this Court or until it expires by operation of law."

4

On January 12, 2021, appellants filed a first amended answer and counterclaim against appellees. Appellants alleged that appellees had not paid the amount due for the aircraft's repairs and filed causes of action against appellees for breach of contract, promissory estoppel, quantum meruit, and fraud. In a separate pleading filed that same day, appellants sought a declaration that the temporary order and injunction were void.

After further proceedings in the case, on April 11, 2024, appellees filed an "Emergency Motion for Temporary Restraining Order and Temporary Injunction." This pleading states that the trial court "had previously denied a Motion for Temporary Injunction," and on appellees' motion for reconsideration of that ruling, "ordered only that the aircraft remain with [appellants] but that [they] not be allowed to sell, convey, or auction said aircraft." [2] Appellees alleged that they had discovered matters which indicated that appellants were attempting to sell the aircraft and they thus requested that appellants "be ordered to show cause as to why [they have] violated the current temporary injunction."

On April 17, 2024, the trial court held a non-evidentiary hearing on appellees' request for relief. Appellants did not make an appearance at the hearing. At the conclusion of the hearing, the trial court stated that it was "granting the relief as requested" and asked counsel for appellees to provide it with an appropriate order.

On April 18, 2024, appellants filed a verified motion to reconsider the trial court's oral ruling. Appellants asserted that they missed the April 17, 2024 hearing "due to an

---

[2] This pleading and ruling are not clearly reflected in the record currently before the Court. Their absence is not germane to our analysis or disposition of the appeal or mandamus.

5

inadvertent docketing error."

On April 29, 2024, the trial court signed a "Temporary Order and Temporary Injunction." This order states that appellees were entitled to relief "as a result of immediate and irreparable injury, loss and/or damage that will result to [them] if said order isn't granted." The order required appellants to return the aircraft to appellees pending the ultimate resolution of the case and prevented both appellants and appellees from selling the aircraft. This order, like the earlier orders, restrained appellants from auctioning, selling, encumbering, hiding, or foreclosing on the aircraft. This order also provided that it "shall continue in force and effect until further order of this Court." The order states that the bond had already been satisfied but does not set a further hearing date or trial date.

On April 29, 2024, appellants filed a notice of appeal in our cause number 13-24-00215-CV. In the appeal, appellants assert by three issues that (1) the order issued on April 29, 2024, should be declared void because it does not comply with the rules of civil procedure; (2) the trial court abused its discretion in issuing the temporary injunction on April 29, 2024, because no evidence was offered or admitted at the hearing; and (3) the trial court abused its discretion in issuing the April 29, 2024 order because it "altered the status of the parties through transfer of the aircraft" from one party to another party.

On May 15, 2024, appellants filed a petition for writ of mandamus in our cause number 13-24-00215-CV. In the mandamus petition, appellants assert the same three issues and also assert that the November 24, 2020 order is void because it did not comply with the rules of civil procedure. Appellants also filed a motion for emergency relief to stay the trial court's orders. This Court granted appellants' motion for emergency relief, in part,

and requested appellees to file a response to the petition for writ of mandamus.

These causes are now before the Court on appellants' brief, appellees' brief, the petition for writ of mandamus, a response thereto, and a reply. Appellees generally assert that the trial court did not abuse its discretion; appellants are not entitled to mandamus relief because they have an adequate remedy at law by way of their pending appeal; mandamus is improper because the trial court's order "merely addresses the temporary disposition and placement of property at issue in the case"; and appellants are not entitled to relief based on the doctrine of unclean hands.

## II. TEMPORARY RESTRAINING ORDERS & TEMPORARY INJUNCTIONS

Temporary restraining orders and temporary injunctions are subject to the requirements of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 680, 683, 684. Texas Rule of Civil Procedure 683 prescribes the form and scope of a temporary restraining order or injunction:

> Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.
>
> Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought. The appeal of a temporary injunction shall constitute no cause for delay of the trial.

*Id.* R. 683; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4), (b). Other rules provide additional requirements for temporary restraining orders and injunctions. *See generally* TEX. R. CIV. P. 680, 684. For instance, a temporary restraining order "shall include an

7

order setting a certain date for hearing on the temporary or permanent injunction sought," *see id.* R. 680, and an order granting a temporary restraining order or temporary injunction must "fix the amount of security to be given by the applicant." *Id.* R. 684.

### III. APPEAL

In their first issue in the appeal, appellants assert that the order signed on April 29, 2024, should be declared void because it does not comply with Rules 683 and 684 of the Texas Rules of Civil Procedure. Appellants assert that this order does not contain a provision setting the cause for a trial on the merits, it does not affix a bond, and it fails to state the reasons for its issuance by defining the injury and describing why it is irreparable.

### A. Analysis

The April 29, 2024 order is titled as a "Temporary Order and Temporary Injunction," and states that the real parties "are entitled to a temporary restraining order and [t]emporary [i]njunction." Thus, the order purports to be both a temporary restraining order and a temporary injunction.

Whether an order is a non-appealable temporary restraining order or an appealable temporary injunction depends on the order's characteristics and function, not its title. *In re Tex. Nat. Res. Conservation Comm'n*, 85 S.W.3d 201, 205 (Tex. 2002) (orig. proceeding); *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000) (per curiam). "A temporary restraining order is one entered as part of a motion for a temporary injunction, by which a party is restrained pending the hearing of the motion," whereas "[a] temporary injunction is one which operates until dissolved by an interlocutory order or until the final hearing." *Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809

(Tex. 1992) (quoting *Brines v. McIlhaney*, 596 S.W.2d 519, 523 (Tex.1980) (orig. proceeding)). Stated otherwise, a temporary restraining order is a precursor to a temporary injunction and is rendered while the motion for temporary injunction is pending. *Fernandez v. Pimentel*, 360 S.W.3d 643, 646 (Tex. App.—El Paso 2012, no pet.). In contrast, a temporary injunction serves to preserve the status quo pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *Kalkan v. Salamanca*, 672 S.W.3d 725, 729 (Tex. App.—Houston [14th Dist.] 2023, no pet.).[3]

Here, the April 29, 2024 order was not entered as a precursor to a temporary injunction and, accordingly, we review it as a temporary injunction. *See Fernandez*, 360 S.W.3d at 646. The order fails to meet the requirements of the rules of civil procedure in at least two fundamental ways. First, the order does not contain required language regarding further proceedings in the case. As stated previously, a temporary injunction "shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought." TEX. R. CIV. P. 683. The April 29, 2024 order fails to meet this requirement.[4]

Second, the April 29, 2024 order fails to sufficiently explain why it was issued. The

---

[3] We note that, though temporary restraining orders are not subject to appeal, they may generally be reviewed by mandamus. *In re Abbott*, 601 S.W.3d 802, 813 (Tex. 2020) (orig. proceeding) (per curiam); *In re Off. of Attorney Gen.*, 257 S.W.3d 695, 698 (Tex. 2008) (orig. proceeding) (per curiam); *In re County of Hidalgo*, 655 S.W.3d 44, 55 (Tex. App.—Corpus Christi–Edinburg 2022, orig. proceeding). In contrast, a temporary injunction is appealable under § 51.014(a)(4) of the Texas Civil Practices and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4); *Harley Channelview Props., LLC v. Harley Marine Gulf, LLC*, No. 23-0078, 2024 WL 2096556, at *1 (Tex. May 10, 2024).

[4] Appellees assert that a temporary injunction does not always need to include a trial date. Appellees cite *Henke v. Peoples State Bank of Hallettsville*, 6 S.W.3d 717, 721 (Tex. App.—Corpus Christi–Edinburg 1999, pet. dism'd w.o.j.) in support of their position. The facts in *Henke* are distinguishable. In *Henke*, the party challenging the temporary injunction orders had "actively agreed" to them. *Id.* (stating that "because the orders were agreed, they are not subject to attack by Henke"). There is no such agreement in this case and, accordingly, *Henke* does not control our analysis.

order states that, "The Court FINDS that [appellees are] entitled to said Order as a result of immediate and irreparable injury, loss and/or damage that will result to [appellees] if said order isn't granted." Rule 683 mandates that an order granting a temporary injunction "shall set forth the reasons for its issuance" and "shall be specific in terms." *Id.* R. 683. The order must explain "the reasons why the court believes the applicant's probable right will be endangered if the writ does not issue." *Transp. Co. of Tex. v. Robertson Transps., Inc.*, 261 S.W.2d 549, 553 (Tex. 1953); *see State v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex. 1971); *Clark v. Hastings Equity Partners, LLC*, 651 S.W.3d 359, 373 (Tex. App.—Houston [1st Dist.] 2022, no pet.). The reasons provided must be specific and may not consist of conclusory statements or "mere recitals" regarding harm or injury. *In re Chaumette*, 456 S.W.3d 299, 305 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding); *see In re County of Hidalgo*, 655 S.W.3d 44, 53 (Tex. App.—Corpus Christi–Edinburg 2022, orig. proceeding); *Good Shepherd Hosp., Inc. v. Select Specialty Hosp.-Longview, Inc.*, 563 S.W.3d 923, 929 (Tex. App.—Texarkana 2018, no pet.); *El Tacaso, Inc. v. Jireh Star, Inc.*, 356 S.W.3d 740, 744 (Tex. App.—Dallas 2011, no pet.); *see also Arkoma Basin Expl. Co. v. FMF Assocs. 1990–A, Ltd.*, 249 S.W.3d 380, 389 n.32 (Tex. 2008) (providing that "conclusory" is defined as "[e]xpressing a factual inference without stating the underlying facts on which the inference is based"). The order must also include the facts on which the trial court relied in reaching its conclusion that the applicant would suffer harm. *See In re County of Hidalgo*, 655 S.W.3d at 53; *Caniglio v. Woods*, 593 S.W.3d 856, 858 (Tex. App.—Texarkana 2019, no pet.); *El Tacaso, Inc.*, 356 S.W.3d at 744.

Here, the order merely asserts that the appellees will suffer "immediate and

irreparable injury, loss and/or damage" if the order were not granted. The order fails to explain the reasons why the trial court believed that the real parties would be injured and is conclusory in nature. *See Transp. Co. of Tex*., 261 S.W.2d at 553; *In re County of Hidalgo*, 655 S.W.3d at 53; *Good Shepherd Hosp., Inc.*, 563 S.W.3d at 929; *In re Chaumette*, 456 S.W.3d at 305. The order also fails to include the facts on which the trial court relied in reaching its conclusions. *See In re County of Hidalgo*, 655 S.W.3d at 53; *Caniglio*, 593 S.W.3d at 858.

Appellees assert that the trial court's order is not void because it "substantially" complied with the rules of civil procedure. Appellees also assert that the trial court acted within its discretion by modifying the previous temporary injunction because of changed circumstances. They contend that "the potential disappearance and sale of the [a]ircraft necessitated the modification of the existing order." Appellees assert that because "the order was a mere modification, it follows that said order did not necessitate strict compliance with Rule 683." However, the Texas Supreme Court has instructed us that the rules governing temporary restraining orders and temporary injunctions must be "strictly" followed. *See In re Luther*, 620 S.W.3d 715, 722 (Tex. 2021) (orig. proceeding) (per curiam); *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (per curiam). An order granting a temporary restraining order or temporary injunction that fails to meet these mandatory requirements is void. *See In re Luther*, 620 S.W.3d at 722 (discussing Rule 683); *In re Office of Att'y Gen.*, 257 S.W.3d at 697 (discussing Rule 680); *Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam) (discussing Rules 683 and 684); *see also InterFirst Bank San Felipe,*

11

*N.A.*, 715 S.W.2d at 641. Further, these mandatory requirements apply to orders issued as a result of changed circumstances. *See* Tᴇx. R. Cɪv. P. 683 (explaining that the rule's requirements apply to "[e]very order granting an injunction and every restraining order"). We conclude that the trial court's April 29, 2024 order failed to comply with the mandatory substantive and procedural law applicable to temporary restraining orders and temporary injunctions.[5] Therefore, the order is void. *See In re Luther*, 620 S.W.3d at 722; *In re Office of Att'y Gen.*, 257 S.W.3d at 697; *Qwest Commc'ns Corp.*, 24 S.W.3d at 337.

## B. Conclusion

Having concluded that the April 29, 2024 order is void, we sustain appellants' first issue in their appeal, and having done so, we need not address their remaining two issues. *See* Tᴇx. R. Aᴘᴘ. P. 47.4.[6]

### IV. Pᴇᴛɪᴛɪᴏɴ ғᴏʀ Wʀɪᴛ ᴏғ Mᴀɴᴅᴀᴍᴜs

Appellants' petition for writ of mandamus assails both the April 29, 2024 order and

---

[5] We note that appellants further contend that the order is void because it fails to set a bond amount. In the November 3, 2020 Ex-Parte Temporary Restraining Order and Order Setting Hearing for Temporary Orders, Temporary Injunction, the trial court set a $100 bond. The record indicates that appellees paid the bond that same day. The November 24, 2020 and April 29, 2024 orders state that "Bond in this matter has already been satisfied." The trial court may expressly provide in its order that a bond securing the temporary restraining order be continued as the bond for the temporary injunction. *See Ex parte Coffee*, 328 S.W.2d 283, 292 (Tex. 1959) (orig. proceeding); *Hartwell v. Lone Star, PCA*, 528 S.W.3d 750, 770 (Tex. App.—Texarkana 2017, pet. dism'd). Given our determinations regarding other deficiencies in the April 29, 2024 order, we need not address this issue further.

[6] In their response to the petition for writ of mandamus, appellees raise several arguments in support of the April 29, 2024 order which are specific to the availability of mandamus relief, such as the availability of a remedy by appeal and the doctrine of "unclean hands." Given that we have addressed this order by appeal, we need not address these arguments here. In any event, the doctrine of unclean hands, like other equitable doctrines such as laches, waiver, and estoppel, does not apply when the order that is the subject of the mandamus proceeding is void. *State v. Gault*, No. 01-22-00157-CR, 2022 WL 4830811, at *10 (Tex. App.—Houston [1st Dist.] Oct. 4, 2022, no pet.) (combined app. & orig. proceeding); *In re Valliance Bank*, 422 S.W.3d 722, 728 (Tex. App.—Fort Worth 2012, orig. proceeding [mand. denied]) (en banc); *see also In re Burkett*, No. 09-23-00170-CV, 2023 WL 5487377, at *2 (Tex. App.—Beaumont Aug. 24, 2023, orig. proceeding) (mem. op., per curiam).

12

the November 24, 2020 order. In the appeal, we have concluded that the April 29, 2024 order is void, and thus need not further address that order here by mandamus. However, we have not yet addressed appellants' argument that the November 24, 2020 order is void. The November 24, 2020 order was signed by the Honorable Arnoldo Cantu Jr. in trial court cause number CL-19-5452-E in the County Court at Law No. 5 of Hidalgo County, Texas. The case was subsequently transferred to the then-newly created County Court at Law No. 9 of Hidalgo County, Texas, in cause number CL-19-5452-I, with the Honorable Patricia O'Caña-Olivarez presiding. Appellants do not seek relief against Judge Cantu in this original proceeding and do not identify him as a respondent. "[G]enerally a writ will not issue against one judge for what another did." *In re Blevins*, 480 S.W.3d 542, 543 (Tex. 2013) (orig. proceeding) (per curiam).

Leaving that issue aside, the parties do not address the relationship between the November 24, 2020 order and the April 29, 2024 order. Both orders have the same title—"Temporary Order and Temporary Injunction"—and both concern the subject aircraft and ownership and control of that aircraft. Both orders state that the court concludes that the appellees are entitled to relief "as a result of immediate and irreparable injury, loss and/or damage that will result to [real parties] if said order isn't granted." Both orders direct the clerk to issue a temporary order and temporary injunction restraining appellants and their agents from taking various actions regarding the aircraft, such as auctioning it, selling or causing it to be sold, creating any sort of lien on it, hiding or secreting it, holding a lienholder's auction on it, or foreclosing on it or otherwise attempting to satisfy any lien against it. Both orders provide that they "shall continue in force and effect until further

13

order of this Court." There are minor differences between the two orders however; the April 29, 2024 order includes a substantive addition insofar as it requires appellants to return the aircraft to appellees pending the outcome of the case, directs appellees to retain the aircraft, and issues a writ of attachment for the aircraft.

The April 29, 2024 order does not expressly amend, supplement, or vacate the November 24, 2020 order, nor does it incorporate any parts of that order by reference. We conclude that the April 29, 2024 order constitutes a separate and subsequent order regarding the subject aircraft that is complete in and of itself. For two reasons, then, the only operative order before this Court is the latter order. First, the November 24, 2020 order extended only "until further order" of the trial court and thus expired by its own terms when the trial court issued the April 29, 2024 order, which is a further order of the court regarding the same subject matter. Ordinarily, the expiration of an order granting injunctive or protective relief renders review of that order moot. *In re L.A.-K.*, 596 S.W.3d 387, 396–97 (Tex. App.—El Paso 2020, no pet.); *In re Sierra Club*, 420 S.W.3d 153, 156 (Tex. App.—El Paso 2012, orig. proceeding)); *see also Guajardo v. Alamo Lumber Co.*, 317 S.W.2d 725, 726 (Tex. 1958). Second, an amended or modified temporary injunction supersedes and implicitly vacates a prior temporary injunction. *See Clark v. Hastings Equity Partners, LLC*, 651 S.W.3d 359, 367 (Tex. App.—Houston [1st Dist.] 2022, no pet.); *Ahmed v. Shimi Ventures, L.P.*, 99 S.W.3d 682, 687–88 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *see also Kirkland v. Kirkland*, No. 02-22-00469-CV, 2023 WL 3643642, at *7 (Tex. App.—Fort Worth May 25, 2023, no pet.) (mem. op.); *Martin Kroesche Enters., Inc. v. Hilpold*, No. 13-11-00404-CV, 2012 WL 2609102, at *3 (Tex.

App.—Corpus Christi–Edinburg July 5, 2012, no pet.) (mem. op.).

Here, the November 24, 2020 order expired, or was otherwise superseded and implicitly vacated by the April 29, 2024 order. Therefore, appellants' contentions about the November 24, 2020 order have been rendered moot. *See Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012) ("A case becomes moot if . . . the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome."); *In re Office of Att'y Gen.*, 276 S.W.3d 611, 617 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding [mand. denied]) ("This amended order superseded the August 8 order and moots the OAG's complaint about the August 8 order."). Accordingly, we dismiss the petition for writ of mandamus as moot.

## V.     CONCLUSION

The Court, having examined and fully considered the appeal and mandamus, is of the opinion that the April 29, 2024 order is void, and the November 24, 2020 order has expired or was implicitly vacated by that subsequent order. Accordingly, we lift the stay previously imposed in the underlying matter. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). In our appellate cause number 13-24-00215-CV, we reverse the trial court's temporary injunction order of April 29, 2024, dissolve the temporary injunction, and remand this case to the trial court for proceedings consistent with this opinion. *See In re Marquart*, 675 S.W.3d 57, 59 (Tex. App.—San Antonio 2023, pet. denied); *City of Corpus Christi v. Maldonado*, 398 S.W.3d 266, 272 (Tex. App.—Corpus Christi–Edinburg 2011, no pet.). In our appellate cause number 13-24-00262-CV, we dismiss the petition for writ

15

of mandamus as moot.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
31st day of July, 2024.